IN RE ESTATE OF McCLELLAN.

MAUD E. HART, Appellant, v. SARAH A. McCLELLAN, Appellee.

**EXECUTORS AND ADMINISTRATORS:** Report—Depreciation in
1    **Value of Property.** An administratrix who uses property of her deceased husband after it has been set aside to her as exempt property will not, *on reversal of the order,* be charged with the depreciation in value of the property caused by her use, but will be charged with the appraised value thereof. Neither will she be allowed items of expense attending the use of the property for her own benefit.

**EXECUTORS AND ADMINISTRATORS:** Attorney Fees—Statute Con-
2    **trolling.** An order for attorney fees in probate may be based on the statute existing when the order is entered, irrespective of the statute existing when the services were rendered.

**EXECUTORS AND ADMINISTRATORS:** Attorney Fees—Personal
3    **Services for Administratrix.** Attorney fees for services in defending, on appeal and on behalf of the administratrix, a probate order for *her* year's support as widow and setting aside to *her* certain property as exempt, *may not be allowed against the estate.*

**COSTS:** Apportionment—Taxing Costs to Estate. The taxation, on appeal in probate, of the entire costs *to the estate* is not necessarily a holding that the controversy on appeal was for the *benefit of the estate*. Such taxation may be simply a method of arriving at an equitable apportionment of the costs between two sole beneficiaries of the estate.

**EXECUTORS AND ADMINISTRATORS:** Attorney Fees—Extraordinary Services. Attorney fees for services in litigating matters for an estate are not *per se* "*extraordinary services.*" They *may* be such, but the administrator must assume the burden to so show.

**EXECUTORS AND ADMINISTRATORS:** Settlement—Items for Insurance. An administrator should be credited with the cost of insurance on property while such property is held as part of the estate.

**EXECUTORS AND ADMINISTRATORS:** Settlement — Storage Charges. An administratrix who, in the final litigation over personal property, *is charged with the appraised value thereof,* and is thereby left to do with the *property* as she pleases, may not charge the estate with storage charges accruing after the final order charging her with the appraised value.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

NOVEMBER 26, 1920.

OPINION ON REHEARING, JUNE 25, 1921.

SUPPLEMENTAL OPINION, OCTOBER 25, 1921.

THIS is an appeal from a probate order, entered in the estate of F. R. McClellan. Objections were filed by Maud E. Hart, sole heir of the decedent, to the certain report of the widow, as administratrix. Her objections were all overruled, and the report approved, and the allowances prayed for therein were all granted.—*Reversed and remanded.*

*C. J. Lynch,* for appellant.

*Miller, Kelley, Shuttleworth & Seeburger,* for appellee.

EVANS, J.—I. The administratrix presented a report, with a view to distribution of the body of the estate. Written ob-

jections were filed to the report, specifying the items thereof to which objection was directed.

The administratrix in her report charged herself with $400, as being the amount received by her in the sale of an automobile. The objection to this item was that the automobile was of the value of not less than $800, and that such amount should be charged against the administratrix therefor. The facts pertaining thereto are that originally the probate court set aside the automobile to the widow, as a part of the exempt property. This order was made in February, 1917. On appeal by the heir to this court, we reversed the order, and held that the automobile was not exempt to the decedent. *Hart v. McClellan*, 187 Iowa 866. Our opinion was handed down in November, 1919. In the meantime, pursuant to the order of the probate court, the widow had used the automobile for her own use, and had taken the same to California, for use there. Upon the reversal here, she sold the automobile, under the advice of her counsel, for the best price obtainable in California, which was $400, and charged herself therewith. The contention for the appellant is that there was a conversion of the automobile by the widow from the beginning, and that she was, therefore, chargeable with its original value, as it was when it came into her hands.

1. EXECUTORS AND ADMINISTRATORS: report: depreciation in value of property.

The theory of conversion cannot be sustained. The automobile first came legitimately into the possession of the widow as administratrix. There was no conversion then. True, such possession did not entitle her to the use of it for her own benefit, but there is no showing that she did thus use it, prior to the order of the probate court setting it aside to her. When the lower court adjudged it to be exempt, and set it aside to the widow as such, it was an adjudication binding upon all parties in interest, until set aside. The pendency of the appeal did not destroy its effect as such. The immediate effect of the order could have been suspended by a supersedeas, but none was filed. It was not, therefore, a conversion on the part of the widow to use for her own benefit the automobile which had been thus set apart to her by the court. There is no showing or claim that she used the automobile for her own benefit after the order was reversed. There was, therefore, no conversion shown.

Nevertheless, the heir was entitled to the fruit of her successful appeal, even though the widow was guilty of no wrong. We see no reason why the depreciation which necessarily resulted from the use of the automobile for nearly two years should, in effect, be charged against the heir, rather than against the widow, who received the benefit. When the probate order was reversed, it was then impossible to restore to the automobile the value which it had at the time such order was made. Manifest justice requires that, under such circumstances, the widow ought to be charged with not less than the appraised value, which was $600. In fixing this allowance at the appraised value, we do not overlook the testimony of one witness in appellant's behalf to the effect that the automobile was worth from $900 to $1,000. The witness was the attorney in fact of the heir, and was in charge of her business in the settlement of the estate. He based his judgment wholly upon a view of the automobile at a garage, without even seeing it in operation. The same witness testified that, at the time of the original controversy over it, the heir offered $800 for it. The very existence of the controversy gave the offer a quality of offered compromise. Such evidence of value is not of that clear and conclusive kind which would justify us in ignoring the judgment of the appraisers, or in reversing the trial court as to the value, upon a conflict of evidence. We hold, therefore, as a matter of law that, in view of the necessary and conceded depreciation of the automobile by the use thereof to the benefit of the widow, the appraisal value should be the measure of her accounting. In the report of the administratrix, she took credit for $29.02 for insurance upon the automobile, and for $46 for storage paid thereon. The same reason which requires that the widow be charged with the appraised price of the automobile requires, also, that the items of insurance and storage should be denied to her. They were expense items that were incidental to the possession and use of the automobile for her benefit.

II.    The appellant objected also to the attorney fees allowed to the administratrix. These were fixed by the court at $800 for the ordinary services attendant upon the settlement of the estate, and at $400 additional for "extraordinary"

2. EXECUTORS AND ADMINISTRATORS: attorney fees: statute controlling.

services on appeal from said orders of the district court to the Supreme Court. Such allowance is challenged as unwarranted, on two principal grounds: (1) That the court had no right to base an allowance of attorneys' fees upon the present statute, Chapter 391, Acts of the Thirty-eighth General Assembly; (2) that the court had no right to allow attorney fees for services rendered by the attorney on behalf of the widow for her own personal benefit.

1. As to the first ground of objection, it is made to appear that, at the time of the rendering of the "extraordinary" services and the greater part, perhaps, of the ordinary services, the statute here referred to was not in vogue, but was in force and operation at the time the orders were made by the trial court. The contention is broadly that the court could not apply the rule of compensation under the new statute to past services already rendered. Though the services had, in fact, been rendered in the *past*, the court was under a *present* duty to fix the compensation thereof. The measure of such compensation must be such an amount as would be just and reasonable. In arriving at such amount, could the court adopt the rule and rate of the then existing statute on that subject? It must be said, we think, that the weight of authority gives an affirmative answer to this question. *Dakin v. Demming*, 6 Paige (N. Y.) 94; *In re Dewar's Estate*, 10 Mont. 426 (25 Pac. 1026); *Gaines v. Reutch*, 64 Md. 517 (2 Atl. 913). We hold, therefore, that it was proper for the court below to treat the existing statute as operative and applicable to pending estates. It follows that the allowance of $800 as attorney fees was a proper computation, under the statute.

2. Was the court justified, under the statute, in making an additional allowance of $400 as for alleged "extraordinary" service? The statute (Chapter 391, Acts of the Thirty-eighth General Assembly) provides as follows:

3. EXECUTORS AND ADMINISTRATORS: attorney fees; personal services for administratrix.

"Executors and administrators shall be allowed the following commissions upon the personal estate sold or distributed by them and for the proceeds of real estate sold for the payment of debts by them which shall be received as full compensation for all ordinary services:

"For the first one thousand dollars, six per cent.

"For the over plus between one and five thousand dollars, four per cent.

"For all sums over five thousand dollars, two per cent.

"There shall also be allowed and taxed as part of the costs of administration of estates an attorneys' fee for the administrator or executor's attorney equal to the administrator's or executor's fee as provided herein. Such further allowances as are just and reasonable may be made by the court to administrators, executors, and their attorneys for actual necessary and extraordinary expenses or services."

The administratrix made application for this additional allowance on the ground that "extraordinary" services had been rendered by her attorneys, in that an appeal had been taken by the sole heir from said orders of the trial court to the Supreme Court, and that her attorneys had, therefore, been required to defend such orders of the trial court on such appeal.

(1) Should such service be deemed to be in the interest of the estate as such, or should it be deemed, in whole or in part, to be in the interest of the widow personally?

(2) Should such service be deemed "extraordinary," within the meaning of the statute?

The appeal in which the service was rendered involved two orders of the trial court. The first was an order setting aside to the widow an automobile, on the ground that it was a part of the exempt property. The second was an order allowing the widow $200 per month as a year's allowance. The heir contested both orders on appeal to this court, contending that the automobile was not exempt, and therefore constituted a part of the assets of the general estate, and that the allowance of $200 a month for a year's support was excessive. The second order was affirmed and the first was reversed. See 187 Iowa 866. Was the defense of such orders in the personal interest of the widow alone? It was to the interest of the estate and of the administratrix, as such, to claim and to hold the automobile as a part of its assets. If the estate were represented by some disinterested third party, this proposition would be manifest. It is not conceivable that such disinterested third party, as administrator, would enter a contest against the financial interest of the estate.

It was to the interest of the *widow* to claim such automobile as her own. Her interest in that respect was necessarily adverse to the interest of the estate. She was in court personally, as well as in her representative capacity. The sole heir came into court voluntarily, to defend the interests of the estate as she claimed them. She was justified in doing this because of her interest in such estate. The widow and such heir comprised the only beneficiaries of the estate. As to the matters in litigation, their interests were adverse. It is the general rule that, where the beneficiaries of an estate become involved in controversy, as between themselves, over the distribution of the estate and are represented in court by their own respective counsel, such controversy will be deemed personal, as between them, and each will be responsible to his own attorney, and neither will be chargeable for the expenses of the attorney of the other. This rule is often applied in partition cases, and forbids the charging of plaintiff's attorneys' fees against the common estate, where the defendants are defending against the allegations of plaintiff's petition, and are represented by their own chosen counsel. In such a case, an administrator, executor, or trustee is in a position somewhat analogous to that of him who interpleads the contending beneficiaries of a fund in his hands and permits them to prosecute the contest to an adjudication binding upon all. He is not required, as a matter of duty, to join himself to the contention of one party or the other. The nature of the issue, as between the widow and sole heir, on the appeal referred to, was such that the administratrix, as such, had no further duty than to let the beneficiaries contend at their own expense, and to abide by the result of their litigation. The widow must be deemed to have been contending in her own sole interest, and to be responsible to her attorney for his fees. *In re Estate of Berry,* 154 Iowa 301; *Allen v. Seaward,* 86 Iowa 718; *In re Estate of Smith,* 165 Iowa 614; *Kirsher v. Kirsher,* 120 Iowa 337; *St. James Orphan Asylum v. McDonald,* 76 Neb. 625 (107 N. W. 979, 110 N. W. 626).

It is pointed out by appellee that, in the appeal referred to, we charged the costs of the appeal to the estate. It is contended

4. COSTS: apportionment: taxing costs to estate.

that such order is decisive of the question under consideration. We think not. On that appeal, the order below was reversed in part and af-

firmed in part. It was a proper case, therefore, for apportionment of costs. The proportion to be adopted was largely a matter of approximation and discretion with us. The taxation of the costs to the estate, of which the litigants were the only beneficiaries, worked an apportionment of the costs which we deemed approximately equitable. As an adjudication, such order had no other effect than to apportion costs.

The conclusion reached at this point renders unnecessary the consideration of the question whether the services rendered on appeal to this court should be deemed "extraordinary," within the meaning of the statute. We may add briefly that such services should not have been deemed "extraordinary," as a matter of law, although they might, in a proper case, be deemed such, as a matter of fact. The statute impresses us as exceedingly liberal, if not excessive in its allowance, and we should be slow to enlarge it by judicial construction. Manifestly, the statutory rate provided for is sufficiently large to warrant the inclusion of laborious professional services, as distinguished from merely formal and clerical ones. It should be deemed to include services rendered in litigation, to some degree, and that a considerable one. So far as the formalities of keeping and stating accounts and formulating and presenting reports are concerned, the rate allowed to the administrator is sufficiently large to charge him with the burden of such service. Unless the attorney employed is to stand ready both to protect the estate against litigation and to engage in litigation, if unavoidable, then the statutory rate allowed for attorney fees becomes an approximate gratuity and an arbitrary charge upon the estate. This is not saying that the litigation of an estate might not become so burdensome that the statutory rate would not afford a just and reasonable compensation. In such event, and in such only, the court has power to award additional compensation. The burden in such case is upon the administrator, to show the reasonableness for additional compensation. Nor should the court lightly relieve him of that burden by assuming, without a showing, to take judicial notice of the value of the services. *In re Estate of Dalton,* 183 Iowa 1013.

It is our conclusion that the allowance to the administratrix

5. EXECUTORS AND ADMINISTRA-TORS: attorney fees: extraordinary services.

of the additional item of $400 for attorney fees was erroneous. The order entered below will be reversed on the grounds herein indicated, and the cause will be remanded to the trial court for judgment and order consistent herewith.—*Reversed and remanded.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.

Note: A former opinion was filed in the above case on November 26, 1920 (179 N. W. 939). The appellant filed a petition for rehearing as to the *second* division of such opinion, which was sustained. The first division of such opinion is included herein, without change.

## SUPPLEMENTAL OPINION.

EVANS, C. J.—I. The record in this case has become somewhat complicated and liable to confusion, because of the inadvertent failure to enter of record a petition for rehearing filed by the appellee on January 25, 1921, and directed to the first division of our opinion, filed on November 26, 1920, and reported in 179 N. W. 939. Upon proper showing made, we have reinstated appellee's petition for rehearing, and ordered it to be entered on the record *nunc pro tunc*. The result is that the appellee is now before us with two petitions for rehearing, the first thereof being directed against the first division of our opinion of November 26, 1920, and the second thereof being directed against both divisions of our opinion of June 25, 1921, reported in 183 N. W. 398. Turning to the first petition, it challenges our holding whereby we charge the appellee with the items of insurance and storage, being $29.02 and $46 respectively. It is urged that at least $7.02 of the item of insurance was incurred while the administratrix held the automobile in question as the property of the estate, and before the district court had awarded the same to the administratrix-widow as exempt property. These items bear no dates in the report of the administratrix. There is no evidence in the record pertaining thereto, except the written concession of the administratrix,

6. EXECUTORS AND ADMINISTRATORS: settlement: items for insurance.

whereby she conceded that the item of insurance was incurred while she held the automobile under claim of individual ownership thereof, except the sum of $7.02. There was no attempt to prove liability beyond this concession, and the administratrix is doubtless entitled to stand upon it, and to claim the benefit of $7.02 as a proper charge for insurance; and her claim to that extent will be accordingly allowed.

II. As to the item of $46 for storage, it is contended by appellee that this covers a period from November 15th to December 30th, for which the estate, and not she individually, was liable for the storage cost. This contention is based upon the theory that the opinion filed by this court on November 15, 1919, holding the automobile to be nonexempt property, had the effect to restore to the estate the title to the automobile, and that the estate thereafter became liable for the storage which continued until December 30th following, when the automobile was sold by the administratrix. This contention cannot be sustained. We have held in our last opinion filed, and still hold, that this litigation is essentially one affecting the private interests of the widow and of the heir, rather than the interest of the estate as such; that, inasmuch as the widow, while acting as administratrix, took the fruits of the finding in her favor by the district court, which awarded the automobile to her, and inasmuch as, in the very nature of the case, such taking of the fruit was irrevocable, in that the use of the automobile necessarily absorbed its value, to a substantial degree, the only practical remedy left to the appellant was to charge the administratrix with the appraised value of the automobile. We adhere to this view as correct. This being the measure of remedy awarded to the appellant, she had no further interest in the preservation of the automobile by the administratrix. It was to the interest of the administratrix to protect the value of the automobile, by storage or otherwise, in her own interest, in order that she might realize therefrom as large a sum as possible. Her liability to account for the appraised value would not be affected by the degree of her care of the automobile after November 15, 1919.

The statement in the opinion that the administratrix sold the automobile under advice of her counsel is challenged, as not

7. EXECUTORS AND ADMINISTRATORS: settlement: storage charges.

being sustained by the record. The statement is not a very material one. It is enough, however, to say that it is based upon a letter written by counsel for appellee to counsel for appellant, and put in evidence by the appellee.

The net result of the present consideration of both petitions for rehearing by appellee is that the appellee is allowed the claimed item of $7.02. In all other respects, both of her petitions for rehearing are overruled.