IN RE ESTATE OF PATRICK MURPHY.

No. 39623.

JANUARY 21, 1930.

*Salinger, Reynolds & Meyers,* for appellant.

*J. M. Berry,* for appellees.

WAGNER, J.—Patrick Murphy, a resident of Pocahontas County, died testate, June 24, 1906. His two sons James and

Philip were named in his will as executors, and also as trustees  for certain purposes therein mentioned, and upon the probate of the will, they duly qualified as such, and gave notice of their appointment, in accordance with the order of the probate court. The decedent was the owner of 640 acres of real estate. His widow and eight sons and daughters are named as devisees in his will, which is quite lengthy and complicated, and we do not deem it necessary to state all of its provisions. Except as to 80 acres, the executors are directed to take full and complete charge and control of the real property during the life of the widow; to procure reliable tenants therefor, collect the rents as they mature, and from the proceeds of the rents, pay all taxes and charges assessed against the real estate; to keep the buildings and the improvements on the same in good repair, have all buildings thereon painted at least once in five years, keep up the fences, and make such other improvements on the real estate as may appear necessary and advisable, and pay the net income to the widow annually during her lifetime. The personal property was also bequeathed to the widow. The daughter Agnes, who filed the objections to the final report of the executors and trustees, is one of the residuary legatees.

In September, 1926, Ellen Murphy, the widow of Patrick Murphy, died testate, and her will has been admitted to probate. The objector is one of the residuary legatees in said instrument. Mary Jane Murphy, sister of the objector, has qualified, and is now serving as executrix of the Ellen Murphy estate.

After the death of the widow, the executors and trustees of the Patrick Murphy estate filed their final report. The appellant, in her objections thereto, alleges that the executors and trustees have failed to account for the reasonable rents and profits of the real estate that was intrusted to their care, either to Ellen Murphy during her lifetime or to her executrix after her death. The executors plead an estoppel, by settlement, as to all matters arising prior to March 29, 1921, by reason of certain litigation then pending, and a settlement thereof, which was entered into among the executors, Ellen Murphy, and the objector. The trial court sustained the contention of the ex-

ecutors, and this affords the chief ground of appellant's complaint.

The executors, more than a year after giving notice of their appointment, filed in the clerk's office a report of their doings prior to that time, which has been lost. No further report was made by them until certain proceedings were begun by the objector. On October 16, 1920, in her petition filed at that time, she alleges the filing by them of a report, which does not appear on file among the records, and that the same was never acted upon by the court. She therein alleged that they have failed to account to the widow for the rents for the lands belonging to the estate, and other claimed acts of maladministration by the executors, and asked for their removal. Thereupon, the executors filed a second report, attaching thereto the receipt which the evidence discloses was duly signed by Ellen Murphy, the widow. In said receipt the widow states that she has received from the executors all sums due her as rent from the real estate, after the payment by them of the taxes and certain sums for the repair and upkeep of the improvements located upon the real estate, and that she has received from them all the personal property as provided by the will. It further provides:

"I further state that the use and occupancy of certain portions of the land owned by late husband has been used by my sons Ambrose and Michael and my son-in-law and his family with my full knowledge and consent and that I do not at this time make any claim or in any manner hold the said executors responsible for the nonpayment to my said executors of any sums due from them for rent of said premises. I further state that I fully approve in every respect all the acts and doings of my said executors in the management of said real property and do not at this time make any claim or demand against them on account of anything done by them as such executors. A full and complete settlement and accounting of all moneys due me from the estate of my late husband is hereby acknowledged."

After the filing by the executors of the said report and receipt, the objector filed an amendment to her petition, averring that the receipt was obtained from the widow through fraud and misrepresentation. Thereafter, a written agreement

of settlement was entered into by James Murphy, one of the executors, the widow, and the objector. The executor and the widow are named therein as the first parties, and the objector as the second party. It provides that, for the purpose of equalizing the use of lands between the widow's children and gifts made by her to her children, the widow, Ellen Murphy, who is entitled to the beneficial use of a certain 80 acres of real estate, consents to and directs the executors to pay to the objector one half of the rents received therefrom for the year 1921, less one half the taxes, and one half the expense of any necessary fence repairs, and from and after March 1, 1922, to permit the objector to rent one half of said real estate as she may see fit, and to collect and receive the rents therefor, she to pay one half of the taxes on said 80 acres; and the executors agreed to abide by the provisions of said contract, and the objector agreed to dismiss the proceedings begun by her, and permit the affairs of said estate to be conducted as heretofore, so far as she is concerned. It further provides: ''This agreement to be binding during the lifetime of Ellen Murphy, party hereto.'' The objector, at all times thereafter, received the rent from the one half of this 80 acres, which, according to the will of Patrick Murphy, was to be rented by the executors and the rent therefrom to be paid to the widow. The will gave the objector an interest in this 80 acres after the death of her mother.

It is shown by the record that two of the sons, Michael Murphy and Ambrose Murphy, were in the occupancy of certain portions of the real estate in which they had an interest, and  for which they were not paying rent, all of which was with the consent and approval of the mother. It is apparent from the record that the fact that her two brothers were not paying rent was what caused her to bring the former action against the executors, and it is the same matter which she seeks to relitigate in this proceeding. During the lifetime of the widow, the rents from the real estate belonged to her, and she could dispose of the same in accordance with her own wishes. While the will imposed the duty upon the executors to rent the real estate and collect the rent and pay it to the mother, yet, with the consent of the mother, the children could be allowed to occupy the portions which would belong to

them after her death, without paying rent therefor. Such a course is the equivalent of the children's paying the rent to the executors, and their paying it to the mother, and her, in turn, giving it to the children. By reason of the aforesaid contract, the objector was also permitted to retain the rent from the real estate in which she had an interest. Said contract of settlement is founded upon a good and sufficient consideration. It is conclusively shown by the mother's receipt that she had received all to which she was entitled. It is also apparent from the record that, by reason of the aforesaid contract of settlement, all matters in dispute at the time of the prior litigation were thereby settled and determined. The action of the trial court in so holding is hereby sustained.

Moreover, the executrix of the Ellen Murphy estate has made no objection to the report of the executors of the Patrick Murphy estate.

The executor James Murphy was the devisee of 160 acres of the real estate, and the executors account for rent therefrom at the rate of $240 per year; and the objector complains that the expenditures for taxes, repairs, and improvements upon said 160 acres exceed the amount of the rent. By a separate paragraph of the will, the son James was given the privilege of occupying said real estate during the lifetime of the widow, at the yearly rental of $1.50 per acre. As hereinbefore stated, the executors were directed to keep up the fences and make such other improvements on the real estate as might appear necessary and advisable. None of the expenditures are shown to be improper, except the sum of $82 for two portable brooder houses, which were purchased for said executor's personal use, and which cannot be deemed improvements, within the meaning of that term as used in the will. The credit for said sum is hereby disallowed.

The trial court ordered the taxation of an attorney fee in the amount of $500 in favor of the attorney for the executors and trustees. As to this the appellant complains. While, as

684

 hereinbefore stated, the two sons were serving as executors, and also as trustees, for certain purposes mentioned in the will, the services performed by the attorney were necessarily in connection with the administration of the estate, and therefore the allowance of an attorney fee comes within the purview of Sections 12064 and 12065 of the Code, 1927. *In re Estate of Leighton,* 210 Iowa —. The first section places a maximum limit upon the amount to be allowed for the ordinary services of the attorney. By the latter section, it is provided that a further just and reasonable allowance may be made by the court to the attorney "for actual necessary and extraordinary expenses or services." It is manifest from the report that the maximum amount which could be allowed the attorney for ordinary services, computed under Sections 12063 and 12064 of the Code, would be $354.88. To be entitled to compensation for what is termed "extraordinary services," the burden is upon the executor to prove the "extraordinary services" and the reasonable value thereof. See *In re Estate of McClellan,* 192 Iowa 384; *In re Estate of Munger,* 168 Iowa 372; *In re Estate of Dalton,* 183 Iowa 1013. As to this matter, there is neither allegation nor proof. Therefore, the allowance for attorney fees is excessive, and $145.12 of the amount allowed by the court is disapproved.

The appellant, in the grounds of error relied upon for reversal, alleges error committed by the court by rulings upon the introduction of the evidence, many of which are not argued in the argument. All such, under Rule 30 of this court, are deemed waived. Those which are argued have had our consideration, and we find that the rulings of the court are correct, or not prejudicial to the appellant.

Because of the improper allowance by the trial court of the credit of $82 for the brooder houses hereinbefore mentioned, and because of the improper allowance for attorney fees in the sum of $145.12, the cause is hereby reversed and remanded to the trial court, with directions to enter judgment and order consistent herewith.—*Reversed and remanded, with directions.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.