IN RE ESTATE OF DAVID O. ANDERSON, Appellant, v. APPLICATION AND CLAIM OF STASON & KNOEPFLER, Appellees.

No. 41911.

SEPTEMBER 26, 1933.

George E. McKnight and Jepson, Struble & Sifford, for appellant.

Edwin J. Stason, for appellees.

CLAUSSEN, J.—The decedent, David O. Anderson, died testate on June 20, 1932. His widow was named in the will as executrix.

Claimants, who are attorneys at law, had acted in some matters as attorneys for the decedent during his lifetime. Subsequent to his death the will was probated, and the widow was appointed and qualified as executrix. The legal services required in the doing of these things were rendered by claimants, with the knowledge and active assistance of the widow, if not under a specific contract of employment for that purpose. On the 14th day of July, 1932, the executrix filed an application asking the appointment of George E. McKnight, an attorney at law, as attorney for the estate, and asked that claimants be required to file a report of their services in connection with the estate. By an order entered on the same day, the court approved the appointment of said attorney and required claimants to file such report of services. On August 17, 1932, the claim under consideration was filed, asking, among other things, that $1,004.50 be paid to them for services and advances of costs in connection with the estate. Other matters are contained in the application and the claim, but such matters may be ignored in view of the concession of the parties in argument that but two matters are presented by this appeal, namely:

1. The power of the court to allow compensation to claimant and,

2. The amount of the compensation which should be allowed.

The trial court allowed the claim in the sum of $808.50, $800 for services and $8.50 for costs paid.

The propriety of allowing claimants compensation for their services is not in doubt. It was formerly held by this court that an allowance should be made to the executor or administrator to cover his reasonable expense for attorney's services in the administration of the estate. Clark v. Sayre, 122 Iowa 591, 98 N. W. 484. But under the present statutes (Code 1931, sections 12064, 12065) an attorney who renders services to the executor in the administration of an estate has a claim against the estate for the reasonable value of such services. In re Estate of Leighton, 210 Iowa 913, 224 N. W. 543. While the person nominated in the will as executor is not executor until duly appointed by the court and proper qualification, the work made necessary by the probating of the will and securing the appointment of the executor is necessarily incident to the administration of the estate, and certainly, where the situation is not complicated by contests, and no question exists concerning the good faith with which the services are rendered, and where such

work is done with the knowledge, consent, and participation of the individual named in the will as executor and subsequently appointed as such by the court, the attorney doing such work is entitled to reasonable compensation for it out of the estate. We reach the conclusion that the court properly allowed the claim.

 Claims against estates are tried as law actions, and consequently are not triable anew in this court. Caldwell v. Caldwell, 192 Iowa 1157, 186 N. W. 58; In re Estate of Schultz, 196 Iowa 125, 194 N. W. 242. As a result of this, the amount in which a claim against an estate is allowed by the trial court can only be disturbed by this court if it is clearly excessive. The evidence produced upon the trial of the claim concerning the value of the services rendered to the estate by claimants varied from $1,000 to $2,000. In this situation, the action of the trial court in allowing the claim in the sum of $808.50 finds support in the record, and will not be disturbed.

A motion to strike a part of appellees' brief and argument was submitted with the case. A disposition of this motion makes it necessary to allude to matters which both parties concede are not material to the disposition of the appeal. The loss of the work of handling the estate naturally was a disappointment to claimants. The application for the appointment of their successor was not happily worded. The objectionable language was stricken by the court. Counsel are properly jealous of their good name. The record discloses no improper conduct on the part of either of the attorneys. In the brief and argument filed by appellees, extended reference is made to conduct on the part of Mr. McKnight, which appellees claim to be unethical. Such allusions are admittedly unnecessary to the determination of the appeal, and are not sustained by the record. The motion to strike such parts of appellees' brief and argument is sustained.

The order of the trial court is affirmed.—Affirmed.

ALBERT, C. J., and EVANS, STEVENS, MITCHELL, ANDERSON, and DONEGAN, JJ., concur.