In re Estate of L. M. Mann.

Ben E. Mann et al., Executors, Appellants, v. E. H. Hunter, Appellee.

No. 42164.

November 21, 1933.

Rehearing Denied March 9, 1934.

E. S. Tesdell, for appellants.

Davis, McLaughlin & Hise, for appellee.

Carr, Cox, Evans & Riley, amici curiæ.

Claussen, J.—The estate of L. M. Mann has been pending in the Polk county district court for a number of years. It appears that in the first instance Elizabeth A. Mann, Ben E. Mann, and

Loulu Mann Grey were appointed executors of the will of the decedent. On February 14, 1928, an order was made removing said executors. In the same order E. H. Hunter, appellee herein, was appointed administrator with the will annexed. It appears that, on the 21st day of March, 1928, the said Hunter, having duly qualified, entered upon the performance of his duties as such administrator. An appeal was taken from the order removing the executors, and, upon the final determination of the appeal in this court, the order or removal was set aside. In due time procedendo issued on the judgment of this court, and on October 19, 1929, Hunter surrendered his office and the property of the estate in his possession to the original executors of the will. He thereupon filed a final report. Some fifty objections were made to this report, practically all of which were overruled by the trial court, and it is from the action of the trial court in passing upon such final report that this appeal is prosecuted. The assignments of error bring five questions before this court for review.

I. Appellants contend, in the first instance, that Hunter's appointment as administrator with the will annexed was invalid, and that in consequence he was in truth an administrator de son tort, and is answerable in damage to the estate for intermeddling in its affairs. Appellant's thought is that, because the order removing the original executors was reversed by this court, such order was void from the beginning, and consequently the order appointing Hunter administrator was likewise void and furnished no warrant for his acts in connection with the estate.

Section 12858 (Code) provides:

"No proceedings under a judgment or order, or any part thereof, shall be stayed by an appeal, unless" etc.

Nothing was done by the executors to stay the order of the district court removing them. Under the specific terms of the statute, the order removing the executors was in force and effect until reversed by this court. Watson v. Richardson, 110 Iowa 698, 80 N. W. 416, 80 Am. St. Rep. 331; Dunton v. McCook, 120 Iowa 444, 94 N. W. 942. In this situation the district court had power to appoint an administrator with the will annexed in the stead of the removed executors. Until the order removing the executors was reversed by this court, the order appointing Hunter was valid.

II. The deceased was the owner of 390 acres of land which

are referred to in the record as the Decatur land. Hunter made an application as administrator for the sale of such land, and it was ordered sold by the court. In the objections to Hunter's report, it was claimed that the sale was invalid on account of Hunter's appointment being void and that it was injudicious. The objections ask that Hunter be required to account to the estate for the loss sustained by the estate due to his intermeddling and selling the land. The trial court overruled appellant's contentions. We have indicated in the preceding divisions of the opinion that Hunter's appointment was valid. Hunter was not an intermeddler in the sale of the land, and consequently Hunter could not be charged with liability to the estate on that basis. The record presents a situation in which the trial court could find that Hunter acted in the utmost good faith in all of his acts pertaining to the sale of the Decatur land, and the judiciousness of the sale has been passed upon by the trial court in the proceedings for the sale of the land.

The hearing upon the objections was at law. In re Anderson's Estate, 216 Iowa 1017, 250 N. W. 183. The findings of the trial court are supported by the record, and consequently cannot be disturbed by this court. The cash received by the administrator from the sale of the land was accounted for, and the notes and mortgage for the unpaid balance were delivered to the executors.

It appears, inferentially at least, that other proceedings are pending to determine the validity of Hunter's sale of the Decatur land. The question of the validity of the sale is not before us, and concerning it we express no opinion.

III. The court allowed Hunter $4,750 as compensation for his services as administrator. Objection is made to this. Primarily objection is based upon the contention which has been considered in the first division of this opinion, but objection is also made that the amount allowed is excessive. The character of the services performed by Mr. Hunter was set forth in the record, and there is evidence which would have warranted the trial court in making a larger allowance. Appellants offered no evidence to indicate that the amount allowed is excessive. The allowance made by the court is sustained by the record, and consequently it cannot be disturbed by us.

IV. Shorly after his appointment, Hunter employed one

A. S. Ross to assist in handling the estate. Ross had been employed by the decedent. He had also been employed by the executors. He appears to have been quite familiar with the affairs of the estate. It is clear to us that his employment was judicious. The court allowed compensation to Ross in the sum of $3,320. It may be noted in passing that the property of the estate consisted of many tracts of property widely scattered, many of which had been sold under contracts calling for small monthly payments; that other property was being rented. The general picture is that the properties were not in good state of repair and not easily rented, and that the collection of payments and rents and renting of the property were tasks which required diligence and persistence. Hunter did not solicit his appointment as administrator. It was made by the court without his knowledge. In proportion to the amount of money handled, the compensation allowed to Hunter and Ross is large, but we cannot say that it is excessive.

V. Hunter employed one George Porter, a member of the Polk county bar, to attend to legal matters principally in connection with the sale of the Decatur land. The character of these services and their value is in evidence. The trial court allowed $500 for such services. This allowance is abundantly sustained by the record, and must stand.

We find no error in the record. The order of the trial court is affirmed.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.