IN RE ESTATE OF ADDIE B. CONKLING.

No. 43473.

June 19, 1936.

Boardman & Cartwright, for appellants.

E. N. Farber, for appellee.

MITCHELL, J.—Addie B. Conkling, an unmarried woman, disappeared from her home in Marshalltown, Iowa, on November 20, 1932.

On June 11, 1933, Mary McMahon and Ina Mitchell, mother and sister of Addie B. Conkling, filed application for appointment of Mary McMahon as administratrix of her estate, and on the same day that the application was filed Mary McMahon qualified by filing bond and gave notice as provided by law. A few months later she filed an inventory, showing assets in the amount of $8,503, consisting of cash on hand and notes secured by mortgages.

On June 2, 1933, the body of Addie B. Conkling was found in the Iowa river. On June 5, 1933, her will was filed for probate and on June 28, 1933, it was probated. F. L. Meeker was named as executor in the will. At the time of probating the will the court made no appointment of executor, objections having been filed to Meeker's appointment by the mother, sister and niece of Addie B. Conkling, who were her only heirs, as decedent was unmarried and her father had predeceased her.

On June 22, 1933, Mary McMahon, Ina Mitchell and Ruth Arlene Mitchell filed application, asking the appointment of Mary McMahon as administratrix with the will annexed, to

which application resistance was filed by F. L. Meeker on November 2, 1933. On November 6, 1933, Mary McMahon filed a petition to construe the will. On March 6, 1934, Meeker filed a petition of intervention as executor. On the 16th day of May, 1934, the entire matter of the construction of the will, the appointment of Meeker as executor, together with the objections of Mary McMahon et al. to such appointment, and the resistance of Meeker to the appointment of Mary McMahon as administratrix with the will annexed, was tried to the court, Carl B. Stiger being the presiding judge. Upon final submission the decree construing the will was entered and F. L. Meeker was then appointed executor. He filed bond in the amount of $12,000 and qualified as executor on June 19, 1934. On July 7, 1934, Mary McMahon filed her final report as administratrix, which report was approved, and she was discharged on August 16, 1934. She turned over to the executor, F. L. Meeker, cash and notes and mortgages in her hands, belonging to the estate.

After Meeker qualified as executor he conducted the affairs of the estate, exchanged a note and mortgage for Home Owners Loan bonds, extended a mortgage, collected interest on the various mortgages, and looked after the property of the estate. On February 19, 1935, he filed his final report and attached thereto an affidavit showing services rendered. On February 20, 1935, he obtained an order, fixing the time and place of hearing on said report, which provided for the posting of notice of such hearing. Notice required by the order was given. The date fixed for the hearing was February 28, 1935, but the hearing was not held until March 5, 1935. The matter of the approval of the final report and allowance of fees to the executor was submitted to the court, who had presided at various hearings and was familiar with the matters relating to the estate. The order approving the final report was then signed, which fixed the fee that Meeker was entitled to as executor, at $450. On April 10, 1935, plaintiffs filed their application to set aside the $450 allowance to the executor. It was filed in the same term that the order was made. Hearing was held before the same judge who had presided at the former hearing, and the application to set aside the order was denied.

From such order, ruling and decree Mary McMahon as administratrix, and as mother, Ina Mitchell, as sister, and Ruth Arlene Mitchell, as niece, have appealed.

This is an appeal in a probate matter, and this court has held time and again that the findings of fact made by the lower court, if based upon sufficient competent evidence, are binding upon this court, as is the verdict of a jury, and will not be disturbed on appeal. . In re Fish's Will, 220 Iowa 1247, 264 N. W. 123; In re Mann's Estate, 219 Iowa 597, 258 N. W. 904.

We must therefore turn to the record to ascertain whether or not there was sufficient competent evidence for the lower court to enter the order that was entered.

The assets in this estate consisted of more than $8,500. There appears to have been a controversy from the very beginning down to the present time, between the heirs of Addie B. Conkling and the executor designated in her will. Due to the fact that the body of decedent was not found for some months after she had disappeared, the will was not offered for probate, and during that period of time her mother served as administratrix. Upon finding of the body the will was offered for probate and immediately there were objections filed, not to the probating of the will but to the appointment of the executor designated therein. Later there was an application filed to construe the will, and after a hearing a decree was entered, which appointed the executor designated in the will as executor of the estate. He then filed his bond as required, and during the period that he acted as executor he looked after the affairs of the estate. Upon filing his final report he set out he had rendered extraordinary services and asked that the court fix a fee in keeping with the services rendered. Due notice of this was given, as prescribed by order of the court. Some time after the time fixed in the notice it was presented to the court, and the court fixed the fee, which is now being objected to, in the amount of $450. Then the application to set aside that order was filed, and with the denial of it by the lower court this appeal was taken.

There is no showing of fraud done or committed upon the court in procuring the order approving the final report of the executor and making the allowance to the executor for ordinary and extraordinary services performed by him. The final report which was filed asked for extraordinary services. The executor handled the affairs of the estate; he exchanged notes for Home Owners Loan bonds; he was confronted from the very beginning with litigation which demanded of him more time than would usually be necessary for an executor to give in an estate of this

1336

size. The lower court was familiar with the entire proceedings in this estate. The various hearings (and there were several) were presented to the same judge. There is sufficient competent evidence to justify the order entered, and it necessarily follows that the judgment and decree of the lower court must be, and it is hereby, affirmed.

DONEGAN, C. J., and ALBERT, ANDERSON, PARSONS, KINTZINGER, HAMILTON, and RICHARDS, JJ., concur.

STIGER, J., takes no part.