JAMES L. GLYNN, Administrator, Appellant, v. CASCADE STATE BANK, Executor, et al., Appellees.

No. 44616.

JANUARY 16, 1940.

Gilloon & Chalmers, for appellant.

Smith & O'Connor and Hogan & Less, for appellees.

HALE, J.—Henry L. Dehner died testate July 8, 1929, and his will was admitted to probate August 12, 1929. After providing for payment of debts and numerous bequests, it bequeaths to the Cascade Bank in trust certain personal property, and nominates said bank as executor. T. H. Glynn is named as residuary legatee and devisee. The executor duly qualified and proceeded to take charge. The proceedings in the estate are too numerous and involved to attempt to set them out in detail. The preliminary inheritance tax report, inventory, and report of beneficiaries were filed July 2, 1930, and the report of the inheritance tax appraisers fixed the value of the real estate at $25,255.25, and personal property at $78,231.48, which included a McQuillen note of $16,691, secured by chattel mortgage, and another McQuillen note of $15,000, secured by a second real estate mortgage on the McQuillen farm, but the two notes were only appraised as of the aggregate value of $15,500. An order of court was obtained on August 12, 1929, and another on De-

cember 8, 1930, authorizing additional loans to McQuillen. On May 29, 1931, was filed what was termed an annual report, which was approved, and on August 28, 1931, another report was filed and was approved. The court on June 9, 1936, approved a compromise of inheritance tax for $1,500. An instrument designated a progressive report was filed November 14, 1936, and approved the same day, and on May 27, 1937, was filed an executor's report which superseded the three former reports and covered the whole period of administration down to March 23, 1937. Attached thereto were three separate statements of account, one covering receipts and expenditures in the general administration, and showing a payment of $900 to Hogan & Less, attorneys for executor, and two showing the operation of the McQuillen 440-acre farm. Time for hearing on this report was fixed and notice prescribed, and on July 19, 1937, H. Lewis Glynn, who was afterwards joined by other beneficiaries, filed objections to the report. These objections were lengthy and covered practically all the operations of the executor, and asked that the report be disapproved, that the executor be required to account, and upon failure so to do that such executor be removed. On July 21, 1937, Judge Kelsey, who was sitting as judge of the nineteenth district, ordered the report and objections referred to John G. Chalmers as referee.

Hearing was had and the referee, on October 6, 1937, filed a report setting out in detail the items comprising the debits and credits, and found that the executor should be charged with $58,906.15 and credited for disbursements with $32,164.43, leaving an amount to be accounted for of $26,741.72. Objections to the referee's report being filed both by the executor and the objectors to the final report, the same were heard by Judge A. B. Lovejoy, sitting as judge of the nineteenth district, and decision thereon was rendered on December 16, 1937, which overruled all objections to the referee's report, with some exceptions, and decree in accordance with such decision was filed December 24, 1937, removing the executor, appointing James L. Glynn administrator with will annexed, directing report and charging the executor with $28,079.12 in addition to certain specific items of personal property.

The former executor turned over the property, as per order of court, and filed final report, which was approved.

On January 29, 1938, the appellees Hogan & Less made application for an order for attorney fees. Their affidavit states that they rendered ordinary services, which they state were of the reasonable value of $1,702.15, "the statutory fee on the personal property handled and accounted for by the said executor in the administration of this estate", and claims the sum of $1,500 as additional fees for extraordinary services, being in the total sum of $3,202.15, less $900 previously received, or a net balance of $2,302.15. To the allowance of executor fees and to the foregoing claim for attorney fees, the administrator filed objections. On January 29, 1938, Judge P. J. Nelson, presiding, made an allowance of $838.58 executor fees, "an amount equal to the statutory fee based on the value of the personal estate, handled by this executor in the performance of its duties." Also, on that day, the court made an order allowing to Hogan & Less the sum of $1,527.16 as attorney fees, "being the balance due said firm after giving credit for fees already paid said firm by the executor of the estate." No evidence was heard by the court at the time of the allowance of these fees.

From the order allowing attorney fees plaintiff appeals. The only question presented by this appeal is as to whether or not the court erred in the allowance of such attorney fees in the amount set out above.

The ordinary services for which appellees claim compensation as set out in their affidavit were as follows:

"We drafted a Petition for the appointment of an Executor, and caused a notice of the appointment to be published, made an exhaustive search for data to be used in compiling an Inventory to be filed in this estate; filed a preliminary and final report for Federal Estate tax purposes; met with the State collateral inheritance tax appraisers to furnish proof of values on the items of real estate and personal property belonging to this estate; filed two petitions asking authority of Court for the Executor to make loans; handled procedure asking for authority of Court to empower the Executor to carry out orders of the State Superintendent of Banking imposing an assessment on Bank stock belonging to this estate; prepared annual reports and helped to compile consolidated report covering a period of time from August, 1929, to March, 1937; helped to prepare

final report of Executor; had numerous consultations with the Executor, and with legatees, and with debtors and creditors of the estate, all of which consumed a vast amount of time and labor. That the reasonable value of said services is $1,702.15, the statutory fee on the personal property handled and accounted for by the said Executor in the administration of this estate."

The additional fees for extraordinary services alleged are set out as follows:

"That the Firm, Hogan & Less, has also a claim for attorney's fees for extraordinary services rendered the estate of Henry L. Dehner, deceased, based on the following facts to wit: That based on the return of the Collateral Inheritance Appraisers, the State Treasurer fixed the Inheritance tax on said estate at $3,900.00, after allowing credit for liabilities deductible, and that in June, 1934, the State Treasurer notified Hogan & Less that the inheritance tax, with accrued interest as provided by law, amounted to $5,000.00, and that action was being commenced to enforce collection, which action was deferred on request; that we proceeded to prepare an Application for a compromise settlement of the Inheritance Tax claimed by the State of Iowa on said estate, in which we set out a complete list of all the items of property belonging to this estate at the time of the death of H. L. Dehner, with finding of an appraisement based on the actual value of the different items of property at the time of decedent's death, and a restatement of the liabilities deductible, and this Application when completed was filed with the Executive Council of the State of Iowa for attention in the year 1934, in the month of October. That to prepare said Application for compromise settlement, to secure proof of the value of the different items of property belonging to this estate, and to present same to the Executive Council, and to secure a favorable verdict on same, required thirty days work, and that the net result of the said procedure to secure a compromise of said Inheritance tax was a saving of $3,500.00 as the State made a Final Settlement of this tax matter for the sum of $1,500.00 covering tax, interest and penalty. And the value of this service to the Estate based on the time required to handle this tax matter and the results obtained for the estate of Fifteen Hundred ($1500.00) Dollars.

"That the Firm of Hogan and Less, Attorneys,
respectfully ask the Court to allow them the sum of . . . $1,702.15
as the statutory fee for ordinary services
rendered this estate, and a further sum of . . . . . . . . . . . . 1,500.00
as additional fees for extraordinary serv-
ices rendered this estate, or fees in the
total sum of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $3,202.15
diminished by the sum of . . . . . . . . . . . . . . . . . . . . . . . . 900.00

already received, leaving a net balance of . . . . . . . . . . . . $2,302.15
due said Firm."

■■ The provisions of the Code under which the district
court allowed the claims complained of are sections 12064 and
12065, the first providing for such reasonable fee as may be
determined by the court, not in excess of the schedule provided
in section 12063. Section 12065 grants authority to the court
to make further allowances for actual, necessary and extraordi-
nary expenses or services. The question which we think is a
determining one in this case is that of burden of proof. We
believe it is well settled that an attorney claiming fees for
services, whether ordinary or extraordinary, is required to
assume that burden. While it is true that either the district
court or the appellate court may to a certain extent use its own
judgment in such allowance, it seems that it should be based
upon evidence. That the court may take judicial notice of its
own records in the same case is not disputed, but we do not
think that this does away entirely with the offer and introduc-
tion of evidence, especially for extraordinary services.

In re Estate of Munger, 168 Iowa 372, 376, 150 N. W. 447,
449, Ann. Cas. 1917B, 213, was an application for an allowance
for extraordinary services. The court states:

"The expense incurred must appear to have been 'reason-
able and just.' There is no presumption that they are such
and as the executor or administrator is likely to be more familiar
therewith than those taking exception thereto, the burden of
proof is upon him, whenever the right to such allowances is
put in issue by objections interposed, to show that the expenses
incurred, as in employing counsel, were necessary for the pro-
tection of the estate and also were reasonable and just."

In that case the record discloses that an action was begun, issues joined, and a settlement effected.

"On hearing, the administratrix 'waived offering any evidence in support of the application.' The guardian objecting might very well have rested here."

In In re Estate of Dalton, 183 Iowa 1013, 1020, 168 N. W. 332, 335, much the same rule is laid down, and the court states:

"What Miller did does not appear, save that he acted as the attorney of the administratrix during Farrell's illness. The necessity of evidence to establish an expense in such a case is the same as in any other, and the same rules obtain with reference to its introduction."

These allowances were formerly made to the administrator as reasonable expenses, and the same rule applies now, under the present section, where the court allows the fees directly to the attorney, as formerly applied when the allowance was made to the administrator for the expense of the attorney.

In the more recent case of In re Estate of Murphy, 209 Iowa 679, 228 N. W. 658, the rule is referred to, and the court held that to be entitled to compensation for what is termed extraordinary services, the burden is upon the executor to prove the extraordinary services and the reasonable value thereof, citing In re Estate of McClellan, 192 Iowa 384, 391, 183 N. W. 398, 401, 184 N. W. 749, and the Dalton case, supra. In that case there was neither allegation nor proof of the extraordinary services, and the court disapproved of a portion of the amount allowed.

In the McClellan case the court in reversing the order of the district court allowing an additional item for attorney fees states:

"The burden in such case is upon the administrator, to show the reasonableness for additional compensation. Nor should the court lightly relieve him of that burden by assuming, without a showing, to take judicial notice of the value of the services", citing the Dalton case, supra.

The court should allow the fair and reasonable value of the services rendered, taking into consideration the character thereof, the amount and extent of the estate, and other

matters proper to be considered by the court in arriving at a just estimate. Carmody Estate, 163 Iowa 463, 145 N. W. 16, the Dalton case, supra, and Estate of Sawyer, 124 Iowa 485, 100 N. W. 484.

To a considerable extent the compensation of an attorney rests in the discretion of the court. Turner v. Ryan, 223 Iowa 191, 204, 272 N. W. 60. Yet, as stated, this must be a reasonable degree of discretion.

We think that the burden rests upon the person claiming the compensation. We are not inclined to the view that judicial notice may be taken of the facts in regard to the services and the value thereof, simply upon an application, where either the amount or the kind or character of the service is contested. It is true, as urged by appellees, that a reasonable presumption is to be indulged in favor of the correctness of the decision of the trial court; yet in a case such as the case at bar, where no evidence whatever was introduced and there was nothing more than a bare statement of what was done in the estate, either under the head of ordinary or of extraordinary services, there was nothing which would warrant the court in a finding involving both nature and value of the service. In many, probably in most, estates where the court is required to fix the fees of the administrator and the attorney, there is no contest nor any objections, and the amounts allowed, as a practical matter, are determined without resort to anything more than the facts disclosed by the record of the proceedings in the estate. But in a case such as this, where both service and value are challenged by the objections, it seems necessary that a hearing be had and upon such hearing evidence be introduced. In the absence of such evidence the court would not be justified in making an allowance, since, as we hold, the burden of proof rests upon the claimant to establish the amount, necessity and value of the service.

But appellees urge that the proceedings by which fees are allowed are at law, not triable de novo on appeal, and that the determination of the trial court on questions of fact, if based on evidence to substantiate it, will not be disturbed on appeal, and in support of this proposition cite Conkling Estate, 221 Iowa 1332, 268 N. W. 67; Anderson Estate v. Stason & Knoepfler, 216 Iowa 1017, 250 N. W. 183; In re Estate of Mann,

217 Iowa 1134, 251 N. W. 83; In re Estate of Chismore, 194 Iowa 300, 181 N. W. 770; and Kratz v. Heins, 169 N. W. 33 (not reported in the Iowa reports).

The holding of the Conkling case, supra, is merely that this court found as a fact that there was sufficient competent evidence to justify the order entered. In the Anderson Estate, supra, the holding was that the allowance by the probate court would not be disturbed if it is not excessive and has support in the evidence, and on examination of the report this court found that there was such. In the Mann case, supra, this court also found that there was no evidence offered which warranted the trial court in the allowance, nor was any evidence offered to indicate the amount allowed was supported; and the same finding by this court was had in the Chismore case and Kratz v. Heins, supra, which, incidentally, holds that the burden is on the claimant in such cases.

█ This court has uniformly reviewed allowances in such cases and has not hesitated, when it appeared from the record that the allowance of the probate court was excessive or not supported by sufficient evidence in support of the claim, to modify, reduce, or refuse to allow the amount determined by the lower court. This matter has recently been before this court in In re Estate of Morgan, 225 Iowa 746, 749, 281 N. W. 346, 348. In the opinion, written by Justice Richards, September, 1938, on objections to final report, the question of the allowance of fees was reviewed and the court states as follows:

"In another item of the report the executor sought allowance of compensation of $350 as 'the statutory fee' and additionally $150 for extraordinary services rendered. To the allowance of $150 objections were filed by Theresa Bakewell, and from the overruling thereof she has appealed. The executor claims that the personal estate and the proceeds from sale of real estate aggregated $11,242.13. Unless there were extraordinary services or expenses, the court in fixing a reasonable fee for this executor, could not allow in excess of $344.84, being the limitation found in section 12063, Code 1935. As to there having been extraordinary services rendered or extraordinary expenses incurred, within the meaning of section 12065, Code 1935, the showing made is so indefinite and unsubstantial that the objections to the allowance to the executor of $150 for

extraordinary services and expenses should have been sustained'', and the lower court was reversed as to this allowance.

It is urged that the service of the attorneys in the compromise of the inheritance tax claim is extraordinary within the meaning of the statute. Ordinarily the assistance rendered by an attorney to the administrator in settling this tax is a part of the usual service to be performed in the settlement of any estate wherein such a tax must be paid; but it is true that where litigation arises or is likely to arise in their services, apart from the ordinary computation of the tax, it would be proper that some pay for extraordinary services be allowed. But it is difficult for us to see, in the instant case, how the court could arrive at the proper amount to be allowed, if allowed at all, in the absence of any showing other than the statement in the application of the attorney.

Other matters urged by appellant are not considered here, as the disposition made of this appeal renders such consideration unnecessary.

For the reasons heretofore given we are inclined to the opinion that the claim for services should be reviewed, that there should be a hearing upon such claim, with proper opportunity to the objectors to appear and contest, and that evidence should be taken, aside from the record of the court, and the amount of compensation, both ordinary and extraordinary, should be determined by the probate court, and as to said fees the action of the lower court is reversed and the cause remanded for a new trial as to such allowance.—Reversed and remanded with instructions.

HAMILTON, C. J., and SAGER, RICHARDS, STIGER, MILLER, and BLISS, JJ., concur.