In re Estate of Frank A. Johnson.

Grover W. Brown, Executor of the Estate of Matilda Johnson, et al., Appellants, v. G. J. Liljedahl, Executor, Appellee.

No. 45277.

January 21, 1941.

Henry Read, for appellants.

Ferguson & Ferguson, for appellee.

OLIVER, J.—This appeal concerns the allowance of compensation for an executor and his attorneys. In 1932, appellee, G. J. Liljedahl, was appointed executor under the will of the estate of Frank A. Johnson, deceased. The will gave the homestead and $25,000 to the widow and divided the remainder of the estate between her and three adult children, Luther, Bernard and Phoebe, share and share alike. Appellee filed inventory listing as real estate the homestead, a cemetery lot, and the 160-acre Liljedahl farm. The personalty listed was: cash $8,949.92, a certificate of the receiver of a bank $555.50, U. S. Bond $1,000, notes of Bernard $4,401.77, notes of Luther Johnson unsecured $2,170, notes of Luther secured by mortgage on Johnson farm of 240 acres $13,000, notes of others $2,000, $1,500 and $7,000, Sheriff's sale certificate on Hillman 160-acre farm $20,036.65. The certificate on the Hillman farm soon ripened into a sheriff's deed. Appellee later brought suit against Luther Johnson, secured a $20,414 judgment, and, as executor, bid in the Johnson farm for $16,500 at the execution sale, this figure having been fixed after consultation with the heirs.

Meanwhile appellee had been proceeding with the general work of probating the estate such as making certain collections and paying allowances, expenses and claims. After the expiration of the period of redemption on the Johnson farm he appears to have handled that property for several years. He also paid certain taxes, repairs, etc., on the Hillman farm.

In 1934, appellee made application for allowance of compensation, stating that the value of the personal estate, by agreement with the beneficiaries, had been fixed at $61,723.53, that the closing of the estate had been delayed on account of disagreement of the legatees and that nothing further remained to be done except to make final report and final distribution. Thereupon the court made an ex parte order allowing

fees of $1,354 to appellee and the same amount to his attorneys upon their application.

In 1939, appellee filed his final report and resignation as executor, giving as reason for said resignation a disagreement as to the payment of legacies and disposition of the proceeds of the estate resulting in his requested resignation by the legatees. His final report showed payment to him of $1,354 for his compensation and to his attorneys the sum of $1,304 for their ordinary services, the attorneys having waived $50 of the compensation allowed them.

This report was objected to by the beneficiaries upon the ground that it showed the executor had collected $14,217 and in addition thereto had distributed to the widow a $7,000 note and a $1,000 bond, or a total of $22,217 collected and distributed by said executor. The objections stated that under Code section 12063 the executor was entitled to compensation based upon this total and no more, which should be further reduced by the failure to complete the probate, and that the fees of his attorneys for ordinary services should be likewise limited to the statutory percentage on $22,217. In his reply to these objections the executor plead in part that he did perform extra and additional services as such executor, that the personal estate eventually equalled more than the figure upon which the court had based the compensation of the executor and his attorneys, that the fees were allowed by the court after full disclosure and that the same were reasonable. Upon trial to the court the objections were overruled and the beneficiaries have appealed.

The court also appointed a successor administrator who later appears to have sold the Hillman farm and transferred the Johnson farm to the widow to apply upon her specific legacy and to have secured an allowance of compensation for completing the probate of the estate. The successor administrator was a lawyer and made no charge for legal services in completing the probate. It should be here noted that in certain previous litigation the trial court had adjudicated the Hillman farm and the Johnson farm to be personalty and had ordered said farms sold.

Obviously, the original ex parte order allowing compensation contemplated the completion of the probate of the estate by appellee and his attorneys. Upon objections to the al-

lowance predicated upon failure to complete the probate the executor had the burden of showing its correctness. Glynn v. Cascade State Bank, 227 Iowa 932, 289 N. W. 722; In re Estate of Metcalf, 227 Iowa 985, 289 N. W. 739. And as held in the Cascade State Bank case, supra, where both service and value are challenged by the objections there should be some evidence in addition to the record of the court as a basis for fixing compensation. In this case there was additional evidence relative to a fee of $300 allowed the attorneys for extraordinary services rendered in certain litigation, which fee apparently was not seriously contested and which we hold was properly allowed. There was also a statutory attorney fee of $248.64 taxed as costs in the foreclosure suit against Luther. Such fees are not regarded as excessive and frequently are inadequate compensation for the services rendered. Aside from proof of these fees there was no evidence, other than the records, to sustain the payment to appellee of $1,354 and to the attorneys of the additional sum of $1,304. Therefore, we think the court erred in overruling the objections and approving the final report. This necessitates a remand and rehearing in the district court.

■ Appellants contend that the compensation of the executor and his attorneys for ordinary services performed during the six years they handled the estate should be limited to the percentages of the personal estate sold or distributed by the executor and the proceeds of real estate sold for the payment of debts by him as provided by Code sections 12063 and 12064. We do not agree with this contention. Such limitation is applicable to cases in which those claiming compensation have completed the probate of the estate. But where the executor and his attorneys have properly discharged their duties and responsibilities as such and have largely carried through the probate of the estate, their compensation should not be limited to commissions upon that part of the estate upon which the probate has been entirely completed. We held in In re Estate of Anderson, 216 Iowa, 1017, 250 N. W. 183, that attorneys were entitled to reasonable compensation for ordinary services rendered an estate, though it did not there appear that any personal estate had been sold or distributed, or real estate sold, prior to their discharge as such at-

torneys. A fair method of computing ordinary compensation, in cases in which the first representative does not complete the probate, is to allow him such percentage of the total ordinary compensation as his ordinary services bear to the total ordinary services required in probating the estate. This affords reasonable compensation to both the original representative and his successor for the ordinary services of each and usually should not result in additional expense to the estate. See 21 Am. Jur. 682; annotation in 94 A. L. R. 1102; 24 C. J. 993. In this connection we do not intimate that the allowance made the successor administrator in this case was anything other than proper, or that the entire amount allowed him should be treated as administrator's compensation as distinguished from attorney's fees, in considering the total compensation for ordinary services.

In this case the executor, through foreclosure proceedings instituted by him, secured title to the Johnson farm and thereafter appears to have handled it for a number of years, collecting some rentals and making various disbursements for repairs, upkeep, taxes, etc. His reports also indicate some services in connection with the Hillman farm. Whether or not he should be allowed additional compensation in this connection we do not now attempt to determine. But see In re Estate of Mann, 217 Iowa 1134, 251 N. W. 83; see also Code section 11953. He and his attorneys as well should be allowed reasonable compensation for any extraordinary services rendered and shown upon retrial. Nor should such allowance be unduly limited. We are not unmindful of statements in In re Estate of McClellan, 192 Iowa 384, 391, 183 N. W. 398, 401, concerning the liberality of the maximum fees allowed by the statute for ordinary services. However, that case was decided in 1921, and it is a matter of common experience among members of the bar that the duties and responsibilities of executors and administrators have since been substantially increased as the result of the amendment and enactment of various tax laws. Consequently, some of the views expressed in the McClellan case are not wholly ap-

plicable to estates probated under present conditions.—Reversed in part; affirmed in part.

HALE, C. J., and MITCHELL, STIGER, BLISS, MILLER, and GARFIELD, JJ., concur.

SAGER and WENNERSTRUM, JJ., concur in result.