In re Estate of Nora N. Wiggins, Appellee; George M. Paradise, Claimant, Appellant.

No. 45722.

October 14, 1941.

Paul F. Dougherty, for appellee.

George M. Paradise, pro se, and Audley M. Johnson, for appellant.

Garfield, J.—George M. Paradise filed his verified application for the allowance of attorney fees for services rendered Frank A. Wiggins, administrator of the estate of Nora N. Wiggins, deceased. The application claimed $100 for ordinary services and $75 for extraordinary services. Attached to the application was an itemized claim, such as contemplated by section 12065.1, Code, 1939, and also an affidavit such as required

by section 12065.2. Paul F. Dougherty, administrator de bonis non, filed resistance to the application. The resistance was a denial based on lack of knowledge or information, coupled with affirmative allegations regarding which the evidence is silent.

A hearing was had upon the application at which claimant testified fully in support of his claim. Numerous exhibits were offered. It was stipulated that two Sioux City attorneys other than claimant would testify that the extraordinary services approximated $75 in value. The administrator de bonis non called no witnesses and offered no testimony. There is nothing in the record to dispute the testimony on behalf of claimant. The trial court denied the claim and claimant has appealed.

Unfortunately, we have not been favored with an argument on behalf of appellee. The abstract does not disclose the grounds upon which the learned trial court dismissed the claim. Under the record before us, we are constrained to hold that the trial court erred and that the judgment is without sufficient support in the record.

The burden of showing both the ordinary and extraordinary services rendered and the value thereof rested upon claimant. Glynn v. Cascade State Bank, 227 Iowa 932, 937, 289 N. W. 722.

While it is true that the allowance of executors' and attorneys' fees rests, to a considerable extent, in the discretion of the trial court, the order should be supported by adequate evidence. Glynn v. Cascade State Bank, supra. And this court will review such an order lacking sufficient support in the evidence. In re Estate of Dehner, 230 Iowa 490, 298 N. W. 656.

The testimony shows that claimant was employed by Frank A. Wiggins, the administrator, on April 26, 1932. Claimant acted as attorney for the administrator until the latter's death on July 7, 1933. Claimant's account for services, verified both in writing and by his testimony, contains 32 different charge items on as many days. On 23 days the administrator conferred with claimant. Claimant prepared and filed all papers in connection with the estate except the final report. On several occasions he asked the administrator to furnish him receipts' and other information from which he could prepare the final accounting. The administrator, however, suddenly died without complying with claimant's requests.

The failure of claimant to close the estate does not justify the denial of his claim. He is entitled to reasonable compensation. In re Estate of Johnson, 229 Iowa 1002, 295 N. W. 878.

The amount of personalty coming into the hands of the administrator was $1,500. $1,000 of this amount was a deposit in a savings and loan association in Omaha, which was paid claimant after correspondence between him and the association covering a period of a month and six days. Although claimant maintains that the administrator (who was also sole heir) agreed to pay him $100 for his ordinary services, he apparently is asking but $80, the commission fixed by statute on $1,500, as maximum compensation for ordinary services in the settlement of estates. See sections 12063, 12064, Code, 1939. Under all the circumstances and considering the failure of claimant to prepare the final report and secure the discharge of the administrator (even though through no fault of his) we think $60 a reasonable allowance for ordinary services.

The extraordinary services were principally in connection with a lawsuit instituted for the administrator in the municipal court of Sioux City on a life insurance certificate. In connection with this litigation, claimant made two trips from Sioux City to Council Bluffs to confer with one Mrs. Neff, who had possession of the insurance certificate and who claimed the proceeds. The real contest was between the estate and Mrs. Neff. Appellant conducted this case successfully and $308.59 was recovered for the estate. We think claimant was entitled to $75 for these extraordinary services, or a total in all of $135.

With instructions to allow claimant $135, this cause is reversed and remanded.—Reversed and remanded.

All JUSTICES concur.