## Cowins v. Tool, Executor, *et al.*

1. **Administrator:** CONCLUSIVENESS OF SETTLEMENTS. Settlements made by the probate court with an administrator have the force of adjudications, and are conclusive unless impeached for fraud or mistake.

2. —— Mistakes in prior settlements may be corrected at any time before final settlement and discharge of the administrator; but this must be done by proper proceedings in the probate court.

3. —— SALE OF REAL ESTATE. The objections that the requirements of the statute in regard to the appraisement of lands were not complied with, and that the lands, composed of several tracts, were sold in a body, are not jurisdictional in their character, and cannot affect the validity of the sale.

4. —— The approval of the administrator's deed by the county court furnishes presumptive evidence of the validity of the sale and of the regularity of all prior proceedings.

*Appeal from Louisa District Court.*

FRIDAY, JANUARY 25.

ACTION in chancery to set aside an executor's sale of lands, and to impeach, for fraud, settlements made with the executor by the court of probate. Upon a trial, the district court found that the sale of the lands was fraudulent and void, and it was set aside by a proper decree. The defendants appeal. The facts of the case appear in the opinion.

*Hurley & Hall* and *C. H. Phelps* for the appellants.

*Cloud & Broomhall* for the appellee.

BECK, Ch. J.— The defendant Tool was appointed executor of the estate of Peter Kuon, Sr., on the 9th day of February, 1849, and was duly qualified on the same day. An inventory of the personal and real estate required by law, was returned to the probate court. Two or three accounts were presented by the executor after his appointment and prior to May 30, 1852, setting out the amounts of money received and paid out by him, and showing the condition of the estate. These were approved by the judge of the court of probate, and a record entry appears in each case to the effect that the order of approval was made upon the examination of proper vouchers. Upon the day last mentioned, the executor filed a petition asking authority and permission to sell certain real property belonging to the estate. The requirements of the law to the effect that a statement of the indebtedness of the estate shall be made, was complied with, and the fact that at the time the personal assets of the estate had been expended under the order and approval of the court is sufficiently shown by reference to former reports of the executor which have been approved. Legal notice of the pendency of this petition and of the day upon which it would be finally disposed of, was given, and

proper proof thereof made to the probate court. At the time fixed for the hearing, an order was made authorizing the sale of the lands. Under these proceedings the property was sold and a deed executed by the executor. The sale and conveyance was approved by the court and a record of this action in proper form was made. Subsequently to these proceedings, the executor filed another report setting out his own claims for services and interest upon sums before allowed him and amounts paid for costs and other items of credit. This account was approved by the county judge. No report, however, was made of the proceeds of the land sold. In 1857, a deed was made by the executor and approved by the county judge, to Thomas J. Tool for three lots in Toolsborough. There is no record before us of proceedings authorizing the sale and conveyance of this property.

No further action appears to have been taken in regard to the estate in the court of probate. The accounts of the executor remain open and unsettled, and he has not been discharged.

This action is brought by an heir of one who was a devisee in the will of Peter Kuon, deceased. A small bequest is made in the will directly to plaintiff.

I. The plaintiff maintains that the different reports and accounts made by the executor to the court of probate are false and fraudulent. The evidence to support this charge, they claim, is found in the reports themselves, which, they insist, show upon their face a state of facts inconsistent with honesty and fair dealing. It cannot be expected that we will enter upon a minute examination of the several items allowed by the court in the different settlements. It is true that many of them cannot be understood upon the evidence before us, and, in themselves, are not inconsistent with the theory of fraud adopted by plaintiff's counsel. They *may* be dishonest, but, on the other hand, they are consistent with honesty. Not one word of explanation as to the character of the many items of debit and credit in the several accounts is found in the record before us. The orders approving the first two expressly state

1. ADMINISTRA-
TOR: conclu-
siveness of
settlement.

that the exhibits or vouchers accompanying them were examined by the court. These we have not before us. The charge cannot be supported upon inference; if sustained, it must be upon evidence. But there is not a word of evidence upon the subject. The court of probate, having passed upon and approved these accounts, its action will be conclusive until impeached for fraud or mistake. It has the same effect as other adjudications of a court upon a matter within its proper jurdisdiction. *Patterson, admr.*, v. *Bell, admr.*, 25 Iowa, 149. But mistakes in settlements may be corrected at any time before final settlement and discharge of the executor. Code, § 1432; Rev., § 2457. These views dispose of the attacks directed against the several settlements made by the court of probate with the executor. They must stand until impeached by proper evidence of fraud or mistake. The estate remaining unsettled and the executor not having been discharged, mistakes that have occurred may be corrected by proper action upon the final settlement. This must be now done in the circuit court by proper proceedings pertaining to the estate itself. Equity will not entertain jurisdiction of an action for relief while the law provides a plain and adequate remedy in a court of law.

II. It is insisted that the sale and conveyance of the lands in question are void on account of the frauds complained of and above noted, the fraudulent combination of the executor and purchaser, and irregularity in the proceedings, had in the court of probate to confer power upon the executor to dispose of the real property. We have above stated that the sale was ordered upon a proper showing made by the executor of the condition of the estate, and that the notice required by law had been given. The court, therefore, had jurisdiction of the matter, and its action ordering and confirming the sale is conclusive except as against assaults for fraud and mistake. It is insisted that the requirements of the statute in regard to the appraisement of the lands were not shown to have been complied with, and that the lands, composed of several distinct tracts, were

3. —— sale of real estate.

sold in a body. Neither of these are jurisdictional matters, and non-compliance with the law would not necessarily defeat the title acquired under the sale. As to the first, the mere absence of evidence upon the subject will not overthrow the presumption which we are required to exercise in favor of the regularity of the proceedings. But another answer is found in the provision of the statute in force at the time, to the effect that the approval of the executor's deed " shall be presumptive evidence of the validity of the sale and of the regularity of all the proceedings connected therewith." Code, § 1355; Rev., § 2387. There is no evidence to overcome the *prima facie* case made out by the deed. The second objection is overthrown by the simple statement that the law authorized the sale of the lands in a body under certain conditions. Code, §§ 1345, 1347; Rev., §§ 2377, 2378. We must presume that these conditions existed.

The charge of fraud so far as it affects the validity of the sale must be next considered. We have said enough in regard to the alleged fraudulent character of the executor's accounts. We find the evidence insufficient to support the charge of unfair and illegal combination and practices upon the part of the purchaser and executor in procuring the order for the sale, or in any thing that occurred afterward. There is evidence by one witness of declarations of the purchaser, who has since died, that support plaintiff's position. Without discussing its competency, we think that it fails to establish fully what is claimed for it, and is overcome by the direct and positive evidence of defendant Tool, who is corroborated by other testimony and facts and circumstances developed in the proof. In our opinion the evidence fails to establish that the sale was not conducted according to law and that there was fraud connected with it. The land was sold at public auction for a price beyond its real value. There was competition at the sale and the purchaser was the highest bidder. Under these circumstances it would require very strong evidence to convince us that there was a fraudulent combination between the executor and purchaser.

As we have seen the sale was under authority of a legally rendered decree or order of the probate court. The evidence fails to taint it with fraud. The proceedings are presumed to be regular under a provision of law. This presumption is not overcome by evidence; the sale is not shown to have been unfairly conducted or the subject of any combination, and it was for a sum exceeding the value of the land. We can do no otherwise than sustain it.

III. We cannot inquire into the validity of the sale of the lots in Toolsborough. The purchaser is not made a party to the action, and for that reason no relief can be rendered plaintiff in this action. It is proper to remark that the executor in his evidence states that the title of these lots was not in decedent, and that the estate set up no claim to them; the deed was made to quiet the title in the grantee, the real and equitable owner. The lots are not in the list of the real property belonging to the estate.

In our opinion the evidence fails to make out a case entitling plaintiff to relief; his petition is therefore dismissed.

Reversed.