## CALDWELL v. ESTATE OF CALDWELL ET AL.

1. **Estate**: ALLOWANCE TO WIDOW: DISCRETION OF COURT. Facts considered under which it was held that an order refusing an allowance to a widow from her husband's estate, for the support of herself and children, was made in the proper exercise of the discretion vested in the court, and would not be interfered with by the Supreme Court.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, OCTOBER 6.

THIS is an appeal from an order denying the plaintiff, as widow of S. T. Caldwell, deceased, an allowance for support for herself and two minor children, from his estate. Her petition showed that she had the care of two children under fifteen years of age, and that six hundred dollars was necessary for their and her support for the period of twelve months from the time of her husband's death. Cora E. Caldwell and Della M. Caldwell, children of S. T. Caldwell by a former wife, and over fifteen years of age, appeared and resisted the plaintiff's application, claiming that she was entitled to no allowance whatever. A hearing was had, and it appeared from the evidence that plaintiff had no property outside of the estate; that their family expenses had been about $1,000 a year; that Caldwell, at the time of his death, did not leave sufficient food and clothing to maintain herself and two small children for the period of a year, and that $600 would not be more than sufficient for that purpose. It appeared, however, that Caldwell left a homestead worth about $3,000; nearly $4,000 in money; a stock of goods and some other property; and that there would probably be from $17,000 to $20,000 left for distribution after all debts of the estate should be paid. It appeared, also, that the plaintiff was administratrix. Upon these facts the court held that it did not appear that any allowance was necessary, and accordingly denied the plaintiff's petition. She appeals.

*Wm. McNett*, for appellant.

*H. B. Hendershott*, for appellees.

ADAMS, CH. J.—The application was made under section 2375 of the Code, which is in these words: "The court shall, if necessary, set off to the widow, and children under fifteen years of age, of the decedent, sufficient of his property, of such kind as it shall deem appropriate, to support them for twelve months from the time of his death."

1. ESTATE: allowance to widow: discretion of court.

The plaintiff insists that under the facts of this case an allowance was necessary, within the meaning of the Code. She insists that whether the estate is large or small she and the children under fifteen years of age are entitled to a support from it for twelve months, if they have no other resources. It is said that in her inexperience and bereavement she should not be compelled to resort at once to earning money for the support of herself and children under fifteen years of age, if the estate is sufficient to support them, and that the law will not presume that they can live upon credit. We might concede the correctness of this position, and still it would not follow that the court erred in refusing the allowance. The burden was upon the plaintiff to show that the allowance was necessary. It was not shown that the children had no other resources. They may have been the heirs of other property. The plaintiff, while it appears that she had no other property, had other resources. She was administratrix, and entitled to compensation. Now, while we think that the court might properly have made a small allowance in addition to her compensation as administratrix, yet, in view of the consideration that courts ought to be exceedingly prudent in this respect, and the further consideration that they must be allowed the exercise of considerable discretion, we do not feel at liberty to interfere.

AFFIRMED.