## Kows v. Mowery.

1. **Administrator:** FINAL SETTLEMENT: FRAUD. The final settlement and discharge of an administrator is an adjudication binding upon all persons in interest, unless impeached for fraud or mistake.

2. **Pleading:** STATUTE OF LIMITATIONS. Under the allegations of the petition, which do not charge fraud or set forth the fraudulent acts complained of, the court might properly have held this was a proceeding to open the settlement under section 2475, Code, and was barred after three months.

*Appeal from Jefferson Circuit Court.*

SATURDAY, OCTOBER 22.

THIS action was commenced on the 30th day of April, 1880. The plaintiff claims of the defendant the sum of fourteen thousand dollars. There was a demurrer to the petition which was sustained. Plaintiff appeals.

*D. P. Stubbs*, for appellant.

*Slagle, Acheson & McCraken*, for appellee.

ROTHROCK, J.—As the cause was disposed of upon demurrer to the petition, it will be necessary to set out the allegations therein contained. The petition is as follows: Plaintiff for cause of action "shows that he is the illegitimate son of James M. Wright, who died about the 27th day of February, 1870, leaving defendant as his widow, and plaintiff as his sole heir; that said deceased in his lifetime generally and notoriously acknowledged plaintiff as his son and heir, and also acknowledged him as his son in writing.

"That on the tenth day of July, 1873, defendant took out letters of administration and became the duly qualified administratrix of the deceased, and took and held possession of all the effects of deceased, consisting of personal property, which petitioner avers amounted to fourteen thousand dollars; that she never returned any inventory of the property and effects

of deceased, nor charged herself therewith; but merely charged herself with the worthless effects.

"And, that on the thirtieth day of March, 1875, she made final settlement with the court; and obtained her discharge without any notice to plaintiff (he having no knowledge thereof); showing nothing in her hands; and that about the same time she removed from the State of Iowa to the State of Kentucky; and remained a non-resident of this State until March, 1878, when she again became a resident of this State.

"Plaintiff attained his majority on the——day of February, 1876; and defendant well knowing that he is, and was the son and heir of James M. Wright, deceased; and, though on the fifteenth day of March, 1880, demand was made on her to pay the amount due plaintiff and execute the trust imposed; she still keeps and holds said funds; and refuses to make settlement and showing as to the amount due plaintiff; and praying that the final settlement of defendant, administratrix, be declared fraudulent and void; that she be required to make a full statement and settlement, showing the assets in her hands; that he may be decreed to be the sole and rightful heir of the said James M. Wright, deceased; that he have decree and judgment against defendant for the amount due him from the said estate, with interest and such other relief," etc.

The demurrer was to the effect that the proceeding was barred by the statute of limitations.

It appears from the petition that the defendant made a final settlement with the court, and was discharged. This settlement and discharge is an adjudication and bind-

1. ADMINIS-TRATOR: final settlement: fraud. ing upon the parties in interest unless it may be impeached for fraud or mistake. *Cowins v. Tool*, 36 Iowa, 82; *Patterson v. Bell*, 25 Id., 149. Section 2475 of the Code, provides, that accounts settled in the absence of any person adversely interested, and without notice to him, may be opened within three months, on his application. There is no doubt, if the allegations of the petition as

to the heirship of the plaintiff are true, he had the right within three months to open up the settlement. The settlement as to him, he being absent and having no notice thereof was only provisional, and he could have opened it even though the defendant had removed from the State. Sections 2479–80–81. No reason is given in this petition why this application was not made. Section 2474 provides, that mistakes in settlements may be corrected after final settlement on showing such grounds for relief in equity as will justify the interference of the court. It is not averred in the petition that the settlement was made and the plaintiff cut off from his large inheritance by the mistake of the defendant. It is contended by

*2. PLEADING : statute of limitation.*

counsel for the appellant that the settlement was fraudulent and that plaintiff is entitled to relief on that ground. Whether this be correct or not we need not determine, because this petition does not charge fraud. It is true, in the prayer of the petition, it is asked that the final settlement be declared fraudulent. It is not charged in the petition that the defendant, when she neglected to return an inventory of the assets of the estate, knew the plaintiff was an heir of her deceased husband, nor that she had such knowledge when the settlement was made.

We do not intend to determine more than there is in the record before us, and in conclusion we deem it sufficient to say that before the plaintiff is entitled to raise the question as to whether the settlement and adjudication may be impeached for fraud, he must show by the allegations of his petition, sufficient reasons for not availing himself of the provisions of the statute for opening up the settlement, and if he claims this to be an original action in equity for relief on the ground of fraud, he must set forth the fraudulent acts of which he complains and show how he was deceived and misled thereby. Under the allegations of this petition, we think

the court may properly have held that this was a mere pro-ceeding to open the settlement by one not present and with-out notice, and that it was barred by section 2475 of the Code.

AFFIRMED.