In the Matter of the Estate of NATHANIEL DEWELL,
Deceased.

**Estates of Decedents:** ALLOWANCE FOR TEMPORARY SUPPORT OF
WIDOW. An allowance of five hundred dollars for the use of a widow
and her two minor children during the period of administration upon
her husband's estate, the value of which was about forty thousand
dollars, *held*, not an abuse of the discretion vested in the district
court under section 2375 of the Code, although the exempt property of
the estate had been set apart to the widow, and she had previously
received the sum of eighty dollars from the sale of certain property
belonging to the estate, and the administrator had paid for some
clothing for her and the minor children.

*Appeal from Cedar District Court.*—HON. JAMES D.
GIFFIN, Judge.

FRIDAY, MAY 12, 1893.

PROCEEDING upon the application of Amanda Dewell, widow, for an allowance and for certain orders, and the objections of the administrators and heirs thereto. An order was made, allowing the widow five hundred dollars, from which the administrators and heirs appeal.—*Affirmed.*

*J. P. Furguson* and *J. S. Dewell,* for appellants.

*Wolf & Hanley* and *Geo. McLeod,* for appellee.

GIVEN, J.—Section 2375 of the Code is as follows: "The court shall, if necessary, set off to the widow, and children under fifteen years of age, of the decedent, or to either, sufficient of his property, of such kind as it shall deem appropiate, to support them for twelve months from the time of his death." The necessity for an allowance is to be determined largely from the facts of each particular case. The application is addressed to the discretion of the probate court, and this court will not interfere where such discretion is fairly exercised. *Caldwell v. Caldwell's Estate,* 54 Iowa, 456; *In re Peet's Estate,* 79 Iowa, 185.

The facts in this case are that the appellee was left with two children under fifteen years of age, without other means of support than she is entitled to from the estate. Two horses, two cows, one swarm of bees, and the household furniture were set off to her as exempt, valued at about four hundred dollars. The other exempt property is retained by the administrator to carry on the farm, he having been authorized to continue the business. The appellee received from the sale of the cream about fifty dollars, and from the sale of hogs about thirty dollars, and the administrator paid for some clothing for herself and the children. The personal estate of the deceased is valued at about fifteen thousand dollars, and the real estate at twenty-five thousand dollars. It is certainly no abuse of discretion,

under the circumstances, to allow the appellee five hundred dollars for the support of herself and infant children. An allowance was manifestly necessary, and the amount is reasonable. Numerous other questions are discussed by the appellant, some of which do not arise upon the record, and others that are not of sufficient merit to require notice in an opinion.

The order of the district court is AFFIRMED.