JOHN C. FARR, JR.,

*v.*

THERESA HAUENSTEIN and LOUIS HAUENSTEIN.

[Decided June 29th, 1905.]

1. Where a conveyance from husband to wife was not fraudulent when made, but the husband afterwards, and after incurring indebtedness, paid taxes on the property, interest on a mortgage which encumbered it, &c., his creditors are entitled to have a charge against the property for such sums.

2. Mere delay in enforcing a demand does not constitute laches in a case where the debtor could not be prejudiced thereby.

Heard on bill, answers, replications and proofs in open court.

*Mr. Leon Abbett,* for the complainant.

*Mr. James F. Minturn,* for the defendants.

GARRISON, V. C.

This is a bill filed by the holder of a judgment against Hauenstein and another, the purpose of which is to have certain real estate, the title of which is in the name of the wife of Hauenstein, declared to be subject to the lien of the complainant's judgment.

Hauenstein & Weiss were in business as brewers in Union Hill in the seventies and eighties. Some time in the seventies Hauenstein bought two lots of land at Union Hill, the cost of the lots being somewhere between $500 and $600. His wife's mother, a Mrs. Schoening, at the expense of $3,500, had a house erected upon these lots. The title to the lots stood in the name of Hauenstein. There was a mortgage in favor of one Fick for $1,000 upon the property.

In 1884 Hauenstein & Weiss, needing some financial back-

ing to secure some credits, applied to Mrs. Schoening, and she made it a condition of her extending the credit, that Hauenstein should deed this house and the lots to his wife. The papers to do this were prepared in the office of Rabe & Keller, in New York, and were properly executed, the conveyance from the husband and wife being made to Mr. Keller and the conveyance to the wife being made by Mr. Keller.

For some reason, which is not disclosed, these papers were not recorded until 1885, more than sixteen months after their execution.

In August, 1887, a sale in foreclosure took place under the Fick mortgage, and the property was purchased in the name of the wife, Mrs. Theresa Hauenstein. They borrowed on mortgage from one Vix the sum of $1,000, with which they paid off the principal of the Fick mortgage, settling the interest and costs with other moneys.

Subsequently money was borrowed from one Simon, on mortgage, and the Vix mortgage was paid off, and after that $2,000 was borrowed from the Hudson Trust Company on mortgage, and the Simon mortgage was paid off.

Under the circumstances of this case, I do not think that the title of the wife can be successfully attacked by this complainant. While it is true that the husband bought the lots and subsequently conveyed them to the wife without any consideration passing from her to him, in the first place it should be noted that it is not shown that at that time the husband was indebted to the assignor of the complainant, or that there was any reason why he might not make this conveyance as a gift to the wife.

It should also be taken into account that the mother of the wife had, at an expense of $3,500, built the house upon this land, and that she, at the time that the conveyance was made to the wife by the husband, procured it to be so made as a consideration for her aiding the husband in his business.

But with respect to the expenditures made by the husband of his own money in the payment of taxes, interest on the mortgage and other encumbrances on this property, I do think the assignor of the complainant, as a creditor, has a right to have

a charge against the property for such sums. *Walsh* v. *Rosso, 41 Atl. Rep. 669 (Vice-Chancellor Pilney, 1898)*; *S. C. on final hearing, 59 N. J. Eq. (14 Dick.) 123 (Vice-Chancellor Stevens, 1899)*.

This is so unless the laches of the complainant disentitles him to enforce this right.

The defendants insist that the laches of the complainant bars him, and cites a number of cases in which complainants were barred on account of their conduct with respect to bringing suit. I do not think it necessary to make an extended review of these cases, because I think that in each one it will be found that the laches was of such a character as made it inequitable on account thereof to enforce the complainant's rights.

Mere delay does not, however, necessarily result in any such result. Vice-Chancellor Green said, in *Tynan* v. *Warren, 53 N. J. Eq. (8 Dick.) 313* (at *p. 321*) : "I do not understand that mere delay in bringing a suit will deprive a party of his remedy, unless such neglect has so prejudiced the other party by loss of testimony or means of proof, or changed relations, that it would be unjust to now permit him to exercise his right." *Lundy* v. *Seymour, 55 N. J. Eq. (10 Dick.) 1* (at *p. 9*) *(Chancellor Mc-Gill, 1896)*.

The defendants failed to show that they are prejudiced in any way by reason of the delay of the complainant in bringing his suit, and there is no aspect of the case in which the lapse of time has affected or could affect the defendants' opportunity to procure or produce testimony, hence the case is not within the ruling in *Luljen* v. *Lutjen, 64 N. J. Eq. (19 Dick.) 773 (Court of Errors and Appeals, 1902)*.

I will advise a decree that a master ascertain the moneys of the husband expended to pay taxes, interest on mortgage, &c., on this property, and that the total thereof, or so much as will satisfy the amount due the complainant, is a charge against this property, which, unless paid by the wife within a reasonable time, to be fixed, may be made out of the property by a sale thereof.