In the Matter of the Estate of LYDIA JANE DOUGLAS, Deceased, M. E. ESSEX ET AL., Contestant, v. DELARMA DOUGLAS, Claimant, Appellant.

**Special Administrator:** APPLICATION TO SET REPORT ASIDE: COLLATERAL ATTACK. An application to set aside an order approving the report of a special administrator is not a collateral but a direct attack thereon.

**Same:** CORRECTION OF REPORT. A special administrator appointed to pass upon a claim of the regular administrator against the estate has no power or authority to finally dispose of the same by payment; and so long as the estate remains unsettled any error in his report approving the claim, including fraud, may be inquired into and corrected.

**Same:** EQUITABLE PROCEEDINGS. Anyone interested in an estate may, by equitable proceedings brought within five years after final settlement and discharge of the administrator, contest the allowance of a claim on the ground of collusion and fraud.

**Same:** PROCEDURE: FORUM. If an application to set aside an administrator's report is defective it should be attacked by demurrer and not by motion; and if the wrong forum is selected the remedy is a motion to transfer.

**Same.** Where no showing in resistance of an application to set aside an order approving an administrator's report is made the court is justified in treating the application as confessed.

*Appeal from Lee District Court.*—HON. HENRY BANKS, JR., Judge.

WEDNESDAY, OCTOBER 21, 1908.

REHEARING DENIED SATURDAY, DECEMBER 19, 1908.

THE opinion states the case.—*Affirmed.*

*Felix T. Hughes* and *George B. Stewart,* for appellant.

*Herminghausen & Herminghausen, W. F. Brown, E. C. Weber* and *Hamilton & Frailey,* for appellee.

SHERWIN, J.—The appellant was appointed administrator of the estate of his deceased wife, Lydia J. Douglas, in January, 1903. He claimed that the estate was indebted to him in a large sum, and in August, 1903, he procured the appointment of a special administrator to pass on his claim. His claim was presented to the special administrator and allowed. It was thereafter filed and approved by the court, the approval being under date of September 14, 1903. In June, 1905, the special administrator filed a final report, stating that he had performed the duties for which he had been appointed, and asked to be discharged. While this report was pending, and on the 21st of October, 1905, the appellees appeared and filed objections to the report of the special administrator, and an application asking the court to set aside the allowance of the claim and the order of approval. The grounds of the objection and application were many. Among others fraud and the statute of limitations were alleged. The matter then seems to have rested until in January, 1907, when the appellant filed a motion to strike the application to set aside the allowance and approval of his claim, stating several grounds therefor. In April, 1907, the appellees filed an amendment to their application and objections, to which the appellant's motion to strike was applied by agreement, and thereafter the court overruled the motion to strike and sustained the application to set aside the allowance and approval of the claim of Delarma Douglas, and he appeals. At the time the application in question was filed, the claim had not been paid, nor had final settlement with the administrator been made. The appellant's motion to strike the objections and application was based on the grounds

that they were filed more than three months after the filing of the report of the special administrator allowing the claim, and that the facts stated did not show that the special administrator fraudulently allowed said claim or any portion thereof. And they are the points now relied upon by the appellant for a reversal of the case.

It is said that the order of approval and allowance could not be set aside in a collateral proceeding, though the approval should not have been made. The force of this claim is not apparent however; for the

1. SPECIAL ADMIN-
ISTRATOR: ap-
plication to
set report
aside: collat-
eral attack.

application to set aside the order was a direct attack thereon. It is also contended that the application was made too late; that, upon the filing of the report allowing the claim, the duties of the special administrator ceased, and he was then discharged by operation of law. This proposition may be questioned, we think, but its determination is not necessary to the disposition of this appeal, and we shall give it no further consideration.

Code, section 3398, provides that mistakes in settlements may be corrected in the probate court at any time before the final settlement with and discharge of the adminis-

2. SAME:
correction
of report.

trator, and after that time by equitable proceedings, on showing such grounds as will justify the interference of the court. The special administrator was appointed for the purpose only of passing upon the claim of the appellant. He had no authority to pay the same, nor had he any funds for that purpose. If his report was to stand, the general administrator would still have to pay the claim and report his action relative thereto, and, so long as the estate is unsettled and the administrator is not discharged, mistakes that have occurred, including fraudulent claims and false charges, may be corrected. *Cowins v. Tool,* 36 Iowa, 85; *Dorris v. Miller,* 105 Iowa, 572; *In re Estate of Sawyer,* 124 Iowa, 485; *Tucker v. Stewart,* 121 Iowa, 714.

But, in addition to this, the statute under consideration expressly authorizes a correction by equitable proceedings even after final settlement and discharge. And it can not be doubted that the order in question could have been set aside under such provision, if the action was brought within five years. *Tucker v. Stewart, supra.* That parties having an interest in the estate may contest the allowance of a claim on the ground of fraud and collusion is well settled. *In re Estate of Davenport,* 85 Iowa, 293.

3. SAME: equitable proceedings.

It may be true that the application herein was deficient in some respects, but the sufficiency thereof should have been raised by demurrer, instead of by a motion to strike. *Wattels v. Minchen,* 93 Iowa, 518; *Irwin v. Yeager,* 74 Iowa, 177. So, also, if a wrong forum is selected, the proper remedy is a motion to transfer. Code, sections 3432, 3437.

4. SAME: procedure: forum.

It is also said that the court was not warranted in setting aside the order on the showing of facts made. But the appellant made no showing in resistance thereto, and in such case the court is justified in treating the application or petition as true. *Van Aken v. Welch,* 80 Iowa, 114.

5. SAM

The appellant's motion to strike the appellee's additional abstract of four pages is overruled. The judgment is *affirmed.*