IN RE ESTATE OF CHARLES ELMER HAINES.

HAZEL CLAYTON HAINES, Administratrix, Appellee, v. HOMER HAINES et al., Appellants.

No. 46391.

FEBRUARY 8, 1944.

Frank Shane, of Eldon, and H. S. Life, of Oskaloosa, for appellants.

McCash & Bookin, of Ottumwa, for appellee.

SMITH, C. J.— █ The widow of decedent, as administratrix, filed inventory in which she listed as exempt a certain 1942 Packard club sedan, along with some other personal property items not involved here. Later she filed application for an order authorizing her to set same aside as exempt, in which she alleged:

"That under the provisions of Section 11918 of the 1939 Code of Iowa, the title to the property above described vested in Hazel Clayton Haines, surviving spouse, upon the death of Charles Elmer Haines; said property does not constitute any part of the assets of said estate; and an order should be entered setting the same apart to Hazel Clayton Haines, surviving spouse of Charles Elmer Haines, as the exempt property of the decedent."

The heirs (children of decedent by a former marriage) filed resistance as follows:

"Come now Homer Haines * * * heirs at law of Charles Elmer Haines, deceased, and resist the application of Hazel Clayton Haines to set over to her, the widow of Charles Elmer

Haines, certain property of the estate of Charles Elmer Haines, deceased, as exempt property, particularly in this:

"1. \* \* \* That the said motor vehicle is and was not property exempt to Charles Elmer Haines, *in this, that prior to and at the time of his death the said Charles Elmer Haines owned, had and held one certain Class A Ford 1937 Model Pickup motor vehicle, the same being the only motor vehicle owned, had and held by him prior to and at the time of his death that can be claimed was exempt to him, and is the only motor vehicle had, held and owned by the said Charles Elmer Haines at the time of his death that can be claimed by his spouse as property exempt.*" (Italics supplied.)

Appellants, on appeal, however, assign but one error: that the court erred in setting off the property in question "for the reason that under the exemption statutes \* \* \* particularly Chapter 499 and Section 11760, Division 18, 1939 Code of Iowa, the same was not exempt to Charles Elmer Haines, *for the reason that he was not a physician, public officer, farmer, teamster or other laborer*" and for the reason that he "*derived his living from the operation, supervision and management of a large mining enterprise and the operation of a newspaper plant and business and not by the habitual use of the automobile above described.*" (Italics supplied.)

The trial court expressly found "that the averments contained in the application to set over exempt property as amended are true as set forth therein, and that applicant is entitled to the relief hereinafter set out" and ordered and adjudged that the property was, at the time of his death, exempt property of decedent and passed to the widow as such. The heirs appeal.

I. Clearly, the resistance and the assignment of error do not tender the same issue. The resistance does not question decedent's right to an exempt automobile but asserts that the vehicle in question could not be so claimed. It even describes the only motor vehicle "*that can be claimed was exempt to him.*" It merely challenged the selection of the particular 1942 Packard.

To place any other construction on the pleading would be unfair to the court and to the appellee and would impliedly attribute to appellants and their attorneys a conscious intention

to use deceptive language, which intention we are very sure they never entertained. We have held that an ambiguous pleading must be construed against the pleader. Woodworth v. Iowa Central Ry. Co., 170 Iowa 697, 149 N. W. 522. But a liberal construction here would bring the same result.

The sole assignment of error and appellants' present argument, on the other hand, urge the contention that decedent did not belong to the class of persons entitled to an exemption of this kind. They contend here that he was not an "other laborer," habitually earning his living by the use of the automobile in question. No claim is made here of error in selection of the particular vehicle for exemption.

The record reveals internal evidence, in addition to the pleading, that the case was tried below upon the sole theory that appellee had selected the wrong vehicle. Appellants produced but two witnesses. Both testified only to decedent's habitual use of an automobile other than the 1942 Packard. No evidence was offered that decedent was not entitled to one car exempt. Furthermore, although appellee claimed exemption in certain other items that could only be allowed on the theory that decedent was a laborer, objectors (appellants) made no resistance as to those items.

We think that the trial court must have assumed that the right of decedent in his lifetime to have claimed, and the right of his widow now to claim, *some* vehicle as exempt were not being questioned by appellants.

■ II. However, in view of their importance, we have elected to pass on both propositions as if both had been pleaded below and both properly presented here. In doing so, we bear in mind that the proceedings were in probate and are triable here on errors and not de novo. The findings, judgment, and order of the trial court must be upheld if there was evidence to support them. We do not weigh the evidence. This rule is too elementary to require citation of authorities. A somewhat recent restatement of it is found in In re Estate of Evans, 228 Iowa 908, 291 N. W. 460.

■ III. Section 11760 (18), Code, 1939, allows as exempt, "If the debtor is a physician, public officer, farmer, teamster,

*or other* laborer * * * the wagon *or other vehicle* * * * by the use of which he *habitually earns his living.*" (Italics supplied.) We have omitted unnecessary parts and italicized the pertinent words of the subsection. Could the court, under this record, find that decedent was an "other laborer" within the meaning of the statute?

The general designation "other laborer" must be construed as qualified by the enumeration of occupations that precedes it. Lames v. Armstrong, 162 Iowa 327, 144 N. W. 1, 49 L. R. A., N. S., 691, Ann. Cas. 1916B, 511; 25 C. J., Exemptions, section 62. The result of such construction is that, the designation "other laborer" does not refer alone to those engaged in physical labor but it includes those engaged in mental labor if the previously enumerated classes include those so engaged. 35 C. J. S., Exemptions, section 24. It includes those who work either with mind or body. Lames v. Armstrong, supra.

By the same rule of interpretation it must be held that the term "other laborer," as used in this statute, may include one whose work is in connection with his own business and not as an employee working for wages or salary. Surely, the terms "physician, public officer, farmer, teamster," do not necessarily connote persons who work for others. In a quite early case we said that one engaged in the livery business for himself came within the designation "other laborer" where the jury so held. Root v. Gay, 64 Iowa 399, 400, 20 N. W. 489, 490.

We should bear in mind that the exemption law is to be liberally construed. It was so held in Bevan v. Hayden, 13 Iowa 122, and the principle has been consistently adhered to since that time. No modifications of it have been made that are pertinent to this case.

Decedent lived at Eldon, Wapello County, Iowa. He operated and actively supervised the operation of a coal mine under the name "Haines Coal Company." Prior to his coal-mining activities he had been a carpenter for many years. The mine was four miles west of Eldon and he traveled back and forth by automobile. The number of his employees ranged from ten to twenty-two. Appellee testified she had watched him 'build his office, scale house, and tipple. "I have seen him * * * wade in water up to his hips when the flood came in to see that the men

did their work.'' There is no dispute in the record that he kept his own books and personally supervised the operation of the mine. It is also undisputed that he had other business interests and left an estate of approximately $130,000.

Appellants lean heavily upon certain language in First National Bk. v. Larson, 213 Iowa 468, 473, 239 N. W. 134, 137. Defendant in that case was claiming exemption not only as to an automobile (under said section 11760 (18), Code, 1939) but also as to certain tools which he claimed as exempt to him as an auto mechanic under subsection 17. The opinion held he was not entitled to the tools as exempt because under the record he was not a mechanic. In denying the claim concerning the automobile, the opinion says:

''We do not think it can be reasonably said that a manager of a business consisting of an automobile sales room and sales business and an automobile repair garage in connection therewith in which the work was done by employees for the profit of the owner can be claimed as 'other laborer.' ''

Appellants here stress that language, but following it is the additional significant statement:

''Moreover, in his showing, he merely asserts, by way of opinion and conclusion, that the automobile is necessary for him to use in the earning of his living, without showing in any sense whatever that, at the time of the levy or previous thereto, he had used the automobile in that way. His showing is entirely void of any evidence that at the time of the levy or immediately previous thereto the automobile was being used by him in earning his livelihood.''

A reading of the entire opinion conveys the impression that defendant was claiming a status as laborer because he was a mechanic and not because of his managerial activities. The opinion was colored by and directed to that contention. We cannot consider the case as an authority for the proposition that an ''other laborer,'' within the meaning of Code section 11760 (18), must be one engaged in physical work, or that he must be an employee. That he was a manager rather than a workman, that

he was an owner rather than an employee, that he left a considerable estate and doubtless had income not directly attributable to his own labor are facts to be taken into account by the trial court but they are not conclusive. If, notwithstanding these facts, there is evidence, as in the instant case, of a direct, active, personal handling of his business, and of the actual performance of acts constituting a part of that business, it will support the finding by the trial court that he belongs to the class of those entitled to the exemption.

IV. Does the record further tend to support a finding that the automobile in question was a vehicle by the use of which decedent habitually earned his living?

It is undisputed in the record that he was necessarily dependent upon automobile transportation in the carrying on of his business activities. The mine was four miles from town and the business also required him to go to Ottumwa at least every other day "to see the purchasing agent of the Iowa Southern Utilities Company in connection with shipping of coal."

We have held that vehicles used in transporting one to and from his work are within the statutory intendment. Shepard v. Findley, 204 Iowa 107, 214 N. W. 676.

And we have held that it is not necessary to the exemption that claimant's living be wholly earned by the use of the claimed exempt vehicle. Consolidated Tank-Line Co. v. Hunt, 83 Iowa 6, 48 N. W. 1057, 12 L. R. A. 476, 32 Am. St. Rep. 285.

There can be no question that there is ample evidence in the record to justify appellee's choice of the particular automobile claimed, even though it be conceded there is also evidence that decedent on occasion used at least one other car in the same way.

We hold all these questions of fact were for the trial court to pass on and that its determination has support in the record.

For all the reasons stated, the decision of the district court is affirmed.—Affirmed.

All JUSTICES concur.