IN RE ESTATE OF CHARLES C. SHIVVERS.

No. 47312.

(Reported in 34 N. W. 2d 632)

November 16, 1948.

Rehearing Denied January 14, 1949.

Ryan & Ryan, of Des Moines, for appellants.

Johnston & Shinn, of Knoxville, for appellees.

MANTZ, J.—This is a probate proceeding wherein certain children of Charles C. Shivvers, deceased, petitioned the court for the appointment of an administrator of his estate, alleging that said estate had not been duly administered according to law and that they were entitled to have an administrator appointed to legally settle such estate. Ralph W. Shivvers, administrator of the estate of O. W. Shivvers, filed a resistance to said petition claiming that the estate of Charles C. Shivvers had been duly opened in 1919, administered, and closed in 1924, and that no further administration was needed or proper. Following notice and hearing, the court dismissed the petition and this appeal followed.

I. Practically all of the evidence consists of the probate files, docket and journal entries, in the estate. We will set out a part of such evidence in order to present the issues involved in the controversy. Charles C. Shivvers, a farmer and resident of Marion county, died intestate in 1919. He left surviving him a widow, Lydia Shivvers, five children, to wit, Owen, age eight, Elenora, age six, Mark, age two, Charles, age twenty-one months, and an unborn son later named Gerald.

The widow, Lydia Shivvers, on November 22, 1919 petitioned that she, as widow, and O. W. Shivvers, father of decedent, be appointed administrators of the estate. The clerk of the district court thereupon made the appointment as prayed, upon the filing of a bond in the sum of $50,000. The clerk's order of such appointment and bond requirement was endorsed upon her petition. Such bond was duly filed on November 22, 1919, and was approved by such clerk on the same date. As a part of said bond there was an oath of said administrators, said oath being subscribed and sworn to on November 22, 1919. On the same date the clerk issued the letters of administration to Lydia Shivvers. The estate was represented by the firm of Vander Ploeg & Johnson, attorneys. This firm, during the time the estate was open, signed various instruments in the estate proceedings as attorneys for the administrators. On the 25th of November,

1919, an administrators' notice signed by Lydia Shivvers and O. W. Shivvers was given pursuant to order, by posting at four public places in Marion county, one of which was at the bulletin board at the courthouse in Knoxville, Iowa. On November 25, 1919, a statement of heirs and inventory was made by Lydia Shivvers and O. W. Shivvers and filed in the clerk's office. The bond, letters of administration, and the inventory were recorded in the clerk's journal and the book and page set forth therein. Various applications for orders were made in the estate—one to carry out a contract to sell certain real estate in which Charles C. Shivvers was grantor was made by Lydia, Shivvers and O. W. Shivvers. This was approved by Honorable Lorin M. Hays, district judge. On January 8, 1923, a final report was filed in said estate, reciting that same was made by Lydia Shivvers and O. W. Shivvers and signed by the attorneys for the estate. This final report was verified by O. W. Shivvers. This report recites:

"Come now Lydia Shivvers and O. W. Shivvers and show to the court that they are the duly appointed, qualified and acting administrators of the above named estate; that more than one year has elapsed since the date of their appointment and the giving of notice thereof; that all of the personal assets of the estate have been collected, all debts and claims paid, and the residue of the estate turned over to the widow and the guardian of the children in proportion to their respective interests in the property. The following being a true and correct statement of all money received and disbursed by them:"

Attached to said final report was the receipt of Lydia Shivvers as follows:

"Received of Lydia and O. W. Shivvers, administrators of the estate of C. C. Shivvers, one third of the cash and other personal property in the hands of the administrators of the estate as shown by their final report, and I hereby consent to the discharge of said administrators and the approval of said final report without further notice to me. (Signed) Lydia Shivvers."

Also there was attached thereto the receipt of W. F. Lange-bartels, guardian of the minor heirs of C. C. Shivvers, as follows:

"Received of Lydia Shivvers and O. W. Shivvers, administrators of the estate of C. C. Shivvers, two thirds of the cash and personal property in the hands of said administrators as shown by their final report, and I hereby consent to the discharge of said administrators without further notice to me. (Signed) W. F. Langebartels."

Such final report sets out in detail all receipts and disbursements of said estate. The receipts so shown totaled $23,-467.05 and the disbursements $20,096.78, leaving a balance of $3370.27, of which balance one third, or $1123.42, was paid to Lydia Shivvers, and two thirds, or $2246.85, to the guardian of the children. Said final report further recited that there had been turned over to said widow and the guardian of the children certain notes, bonds, and securities amounting to approximately $8000, said items being shown in detail.

Also, as a part of said final report there were numerous checks which had been issued by said estate to pay claims, expenses, etc., some being signed by both administrators, some as estate checks, and others by either Lydia Shivvers or O. W. Shivvers.

Attached to said final report and included in the probate files therein we find an instrument entitled ORDER APPROVING FINAL REPORT AND DISCHARGE OF _____ which reads:

"Now on this 30th day of September, 1924, the same being one of the days of the regular September term of 1924, of the district court of Iowa, in and for Marion county, this matter came on for hearing on the final report of O. W. Shivvers, administrator of the estate of Charles C. Shivvers, deceased, and the court after inspecting said report and after hearing the report of the referee in probate and being fully advised in the premises, finds that due legal and timely notice of this matter has been given to all parties in interest, and that no objections have been filed to said report, and that proper distribution has been made, and that all costs and claims against

said estate have been paid, and that said final report should be approved in each and every particular.

"IT IS THEREFORE ORDERED, adjudged, and decreed by the court that the final report of said O. W. Shivvers, administrator, be and the same is hereby fully approved and he is discharged as such administrator and the sureties on his bond are released and exonerated."

It will be noted that the above order of September 30, 1924 approved the final report of O. W. Shivvers and discharged him as administrator and discharged and exonerated the sureties on his bond. This was the bond executed by him and Lydia Shivvers on November 22, 1919, and in which O. L. Wright and O. P. Wright were named as sureties.

II. The errors urged by appellants are four in number. They are set forth in their brief and are as follows:

"I. In concluding that O. W. Shivvers was appointed administrator and was duly discharged and the estate closed. II. In concluding that Lydia Shivvers was duly discharged as administratrix and the estate closed. III. In concluding that the petitioners were guilty of laches. IV. In failing to grant letters of administration to the petitioners as prayed."

The same questions were raised by appellants in their pleadings. Briefly, they claim that Lydia Shivvers was appointed administratrix of the Charles C. Shivvers estate and that while O. W. Shivvers purported to act as administrator with Lydia Shivvers, still he was never legally appointed and so acted without authority; also, that Lydia Shivvers was never legally discharged as administratrix and that the purported order of court of September 30, 1924 discharging said O. W. Shivvers as administrator was of no force or effect; also, that, as the estate had never been legally closed and the administratrix, Lydia Shivvers, was deceased, and that O. W. Shivvers was deceased, and his estate was being administered, it was necessary to have another administrator appointed to take the place of Lydia Shivvers and as such to file a claim against the O. W. Shivvers estate to recover for property taken by O. W. Shivvers from the Charles C. Shivvers estate.

The trial court held that the estate of Charles C. Shivvers was properly opened in that the widow, Lydia Shivvers, petitioned pursuant to statute (now section 632.1, Code of 1946) that she and O. W. Shivvers be appointed administrators and that such an order duly issued and they duly qualified by oath and bond, but that the clerk in issuing letters testamentary failed to include therein the name of O. W. Shivvers and that this was a clerical error on the part of the clerk. Also that throughout the estate proceedings both administrators acted in the settlement of the estate and that in any event O. W. Shivvers was a de facto administrator and that his acts and proceedings as such were binding on all the parties interested in the estate.

The trial court further held that while the order of September 30, 1924, closing the estate and discharging O. W. Shivvers, as administrator, and discharging and releasing the sureties on his bond was not signed by the court, the provisions of section 604.38, Code of 1946 (section 10798, Code of 1939) were not mandatory but directory. The trial court held that the estate was fully and legally settled according to law; that distribution had been made to the widow and the guardian of the minors; that the estate was closed, the administrators discharged and their bond exonerated.

The trial court held that the petition of appellants to have the petitioners appointed administrators should be dismissed and denied.

III. As a part of the same ruling the trial court stated that other issues raised need not be passed upon, but expressed the opinion that more than twenty years had elapsed since the estate was probated and closed and that the youngest applicant is now twenty-six years of age and that more than five years had elapsed since he attained his majority and that since no complaint had been made the doctrine of laches and that of estoppel would apply to prevent the petitioners from disturbing the settlement of this particular estate.

We have gone over the record and are of the opinion that it fully supports the finding of the trial court.

IV. The proceedings are in probate. On appeal such are not triable here de novo. It is here triable on errors. The finding of the trial court is binding if based upon sufficient competent evidence. In re Will of Fish, 220 Iowa 1247, 264 N. W. 123; In re Estate of Smith, 223 Iowa 172, 271 N. W. 888: In re Estate of Johnston, 198 Iowa 1372, 201 N. W. 72; Caldwell v. Estate of Caldwell, 54 Iowa 456, 6 N. W. 714; In re Estate of Haines, 234 Iowa 396, 12 N. W. 2d 812.

Generally, irregularities in probate proceedings do not void them. Whiteley v. Mills, 239 Iowa 80, 29 N. W. 2d 541: Soppe v. Soppe, 232 Iowa 1293, 8 N. W. 2d 243; In re Estate of Carpenter, 232 Iowa 919, 5 N. W. 2d 175; McLeary v. Doran. 79 Iowa 210, 44 N. W. 360.

V. The first claim urged by appellant is that the court erred in holding that O. W. Shivvers was appointed administrator or that he was duly discharged and the estate closed. Some of the record has hereinbefore been set forth. The estate of Charles C. Shivvers was opened in November 1919, about seventeen days following his death. His widow, Lydia, petitioned for letters of administration for herself and O. W. Shivvers. This was her right under the statute then existing (now section 633.39). Under the statute then existing (now section 632.1) the clerk ordered the appointment conditioned upon proper bond. This was given and approved. Lydia Shivvers and O. W. Shivvers subscribed to an oath as administrators. The clerk in issuing the letters omitted the name of O. W. Shivvers, naming Lydia Shivvers as administrator. Notice of appointment was given by both Lydia Shivvers and O. W. Shivvers. All these proceedings were noted as filings in the estate and were shown by the clerk's appearance docket.

It is rather difficult to determine from the appellants' brief and argument whether their claim is that the acts of O. W. Shivvers in the settlement of the estate were made by him as a mere interloper, or whether such actions had any validity. The trial court held that the failure of the clerk to include in the letters issued to Lydia Shivvers the name of her coadministrator, O. W. Shivvers, was an error amounting at its very most to an irregularity and that at the very least O. W. Shivvers was

administrator de facto. Pryor v. Downey, 50 Cal. 388, 19 Am. Rep. 656; 25 C. J. S. 1010. We hold that the trial court ruled properly in respect to such matter. Chicago, B. & Q. R. Co. v. Gould, 64 Iowa 343, 20 N. W. 464. See also cases cited dealing with the matter of irregularities in probate proceedings. In re Estate of Price, 230 Iowa 1228, 1236, 300 N. W. 542, 546, was a probate action to set aside an order of the court admitting a will to probate claiming that such order was void because of an insufficient notice, arguing that the court was without jurisdiction. The trial court sustained the motion and on appeal there was a reversal. In so ruling this court said:

"For us now to say that because of a technicality in the publication of the notice of hearing on preliminary probate of the will, the administrator, who was solemnly appointed by the court and who strictly complied with all statutory rules in reference to giving notice of his appointment, shall now be considered an interloper, acting without authority at the instigation of a court that had no jurisdiction, would seem to be unreasonable, harsh and difficult to explain or justify. * * * Substantial compliance was all that was necessary."

We think the record in the instant case is much stronger than that of the cited case. O. W. Shivvers acted throughout as administrator. He participated in all probate proceedings, joining with Lydia Shivvers in most if not all of such; signed checks in settlement of claims and charges. The only thing lacking was that his name did not appear as administrator in the letters of administration through no fault of his, simply by reason of an error or oversight of the clerk. Finally, he joined with Lydia Shivvers in making a final report. This final report, as made by him and Lydia Shivvers, was signed by Vander Ploeg & Johnson, attorneys for the administrators, and was verified by O. W. Shivvers as one of the administrators on March 23, 1921. This report was approved September 30, 1924, by order of court (heretofore set out). Such order approved such final report, the receipts, disbursements, payment of the respective shares to Lydia Shivvers and to the guardian of the minor children of the deceased and ordered the estate closed.

102

 It is to be kept in mind that appellants were not asking to reopen the estate. They claim that the estate was never properly administered or closed and that it is still open and needs another administrator to carry on. In effect appellants claim that the order closing the estate was void; that the court lacked jurisdiction to make it. We cannot agree with appellants that the court did not have jurisdiction to order the estate closed or that such order was void and of no force and effect. This order was made over twenty-five years before appellants started the proceedings herein. Such final report was made by those who had been appointed to administer the estate; proper time for closing the estate had elapsed, the report contained the matters required—receipts, disbursements, and disposition of the balance on hand—cash and property. It likewise had attached thereto receipts from the widow, Lydia Shivvers, and the guardian of the minors.

 We hold that the order of September 30, 1924 was valid and binding until set aside by proper proceedings. This court has held in many cases that the final report of a fiduciary, such as an executor, which has been approved and the executor discharged will be set aside only upon a clear and satisfactory showing of fraud, mistake or other equitable grounds. Becker v. Becker Bros., 202 Iowa 7, 209 N. W. 447; Patterson v. Bell, 25 Iowa 149; Read v. Howe, 39 Iowa 553; Tucker v. Stewart, 121 Iowa 714, 97 N. W. 148; In re Estate of Douglas, 140 Iowa 603, 117 N. W. 982.

 While the order of September 1924 approving the final report and closing the estate did not in terms name Lydia Shivvers, still it was a report made for her and in her behalf and we think that in ordering the estate closed and in discharging the bond, the order was effective and final and had the effect of discharging Lydia Shivvers and O. W. Shivvers.

. In this estate Lydia Shivvers and O. W. Shivvers were acting together to settle the Charles C. Shivvers estate. In so doing each one would be acting in behalf of and in conjunction with the other. The matter of their right to act could hardly be questioned. The probate court had full and complete jurisdiction of them and the subject matter. Having accounted for

the property of the deceased and made distribution, the estate was duly closed and the failure of the court to include the name of Lydia Shivvers, administrator, in the order of closing and discharge was an irregularity at the very most.

We hold that the estate was properly opened, administered and duly closed.

On the question as to the legal effect of one administrator acting for and on behalf of both see 21 Am. Jur., Executors and Administrators, section 751; State ex rel. Rucker v. Rucker, 59 Mo. 17; Ragland v. King's Admr., 37 Ala. 80.

We think that the order of the court of September 1924 declaring the Charles C. Shivvers estate duly administered and closed was an adjudication. All parties interested, the widow and children, were represented. No objection was made to the final report. Smith v. Russell, 223 Iowa 123, 272 N. W. 121; Cowins v. Tool, 36 Iowa 82; Kows v. Mowery, 57 Iowa 20, 10 N. W. 283; In re Estate of Nicholson, 230 Iowa 1191, 1209, 300 N. W. 332.

Appellants make no claim as to any fraud or mistake on the part of O. W. Shivvers; they say that there is property belonging to them which was taken by said O. W. Shivvers. Whatever claim appellants may have had arose prior to September 30, 1924. The youngest child of deceased attained its majority over seven years prior to the time the action was brought. In effect we think that appellants are seeking to file a claim against the estate of O. W. Shivvers. As almost twenty-five years have elapsed since the estate of Charles C. Shivvers was closed, we hold, as did the trial court, that appellants are barred by the doctrine of laches. This is an equitable doctrine and has for its basis a public policy. Laches relate to the delay in the assertion or prosecution of a claim working to the prejudice or disadvantage of another. In 30 C. J. S. 520, section 112, the doctrine of laches was discussed. It was defined, "Laches is such delay in enforcing one's rights as works disadvantage to another." See Thomas v. City of Cedar Falls, 223 Iowa 229, 272 N. W. 79. Therein it was held that equity will not assist those who have slept upon their rights and that such courts will discourage laches and delay in enforcing their rights, apart

from any question of statutory limitation. See also Bankers Trust Co. v. Rood, 211 Iowa 289, 233 N. W. 794, 73 A. L. R. 1421; Wever v. Dakin, 5 Cir., Fla., 81 F. 2d 831; Farr v. Hauenstein, 69 N. J. Eq. 740, 61 A. 147; Ryason v. Dunten, 164 Ind. 85, 73 N. E. 74; La Shells v. Hench, 98 Cal. App. 6, 276 P. 377; Jones v. McNabb, 184 Okla. 9, 84 P. 2d 429. Many cases dealing with the doctrine of laches and when same applies are collected in 24 Words and Phrases, pages 79–116. A terse statement of the rule was set forth in the case of Oxford v. Estes, 229 Ala. 606, 158 So. 534. "Laches" is a doctrine of equity based on a lack of diligence and good faith in invoking the court's jurisdiction. While not shown in the record, appellee states in argument that practically all of the participants of 1919 are deceased. Lydia Shivvers, O. W. Shivvers and Attorney Vander Ploeg are among those deceased. The District Judges Lorin M. Hays and J. H. Applegate (both of whom made orders in the estate) are deceased, and we think that it would be highly inequitable to permit appellants to pursue the course they are seeking. We hold that the trial court acted properly in denying the petition for the appointment of appellants as administrators.

 VI. Some complaint has been made by appellants that the probate records were not signed by the trial judge either at the time made or during the term. They cite the statute in force, being the present section 604.38, Code of 1946. Our court has held that the statute is directory only. Donnelly v. Smith, 128 Iowa 257, 103 N. W. 776; State v. Hiatt, 231 Iowa 643, 1 N. W. 2d 736.

On the record we hold that the trial court did not err in denying appellants' petition to appoint an administrator to continue the administration of the Charles C. Shivvers estate.— Affirmed.

SMITH, C. J., and BLISS, HALE, GARFIELD, and WENNERSTRUM, JJ., concur.

OLIVER and MULRONEY, JJ., concur in result.

HAYS, J., takes no part.