IN RE ESTATE OF OSCAR W. SHIVVERS.

No. 47323.

(Reported in 34 N. W. 2d 638)

NOVEMBER 16, 1948.

Ryan & Ryan, of Des Moines, for appellants.

Johnston & Shinn, of Knoxville, for appellee.

MANTZ, J.—The facts in In re Estate of Charles C. Shivvers (rehearing denied January 14, 1949), 240 Iowa ——, 34 N. W.

2d 632, furnish the background for this controversy. Claimants herein are children of Charles C. Shivvers, deceased, and grandchildren of Oscar W. Shivvers, deceased.

The instant appeal is from a decision sustaining a motion to dismiss for matters appearing on the face of the claim. There was no resistance or answer and no trial on the merits.

It is sufficient to say the claim filed March 19, 1948 is based upon the contention that decedent herein, upon the death of his son, Charles C. Shivvers, in November 1919, proceeded to act as administrator of the estate, took possession of certain property of his son and has thereafter retained it and treated it as his own. Claimants aver he held title to said property in trust for them and that they "had no knowledge thereof or means of knowledge until about a year ago" and that then they were dissuaded from commencing proceedings because of the bad physical condition of their grandfather and by the hope that "the whole matter might be straightened out in his will or his estate."

The motion to dismiss was based on the grounds of the statute of limitations, laches, and res judicata. It was sustained upon all three grounds.

 We think it clear that none of these grounds was apparent upon the face of the claim or could be reached by a motion to dismiss. This motion was in effect a demurrer. It confessed the truth of the well-pleaded allegations of the claim.

 As to the limitations statute and laches, the averments that decedent took possession of the property in a trust capacity as acting administrator, and that claimants had no knowledge or means of knowledge of the facts until about a year before the claim was filed manifestly prevented a determination of those issues upon the pleadings. Those allegations, if proven, would be a complete answer to any contention that the claim was barred by either limitations or laches.

 The defense of res judicata was set up in an amendment to the motion to dismiss. The facts upon which it was based were therein pleaded. They did not appear upon the face of the claim but were ascertainable by reference to the companion case of In re Estate of Shivvers, supra, 240 Iowa——, 34 N. W. 2d 632. Undoubtedly, had these facts been pleaded and proven

·they would have been a complete answer to the claim. Probably the trial court was inadvertently led into so treating them. However, under the record as presented to us the case must be reversed.—Reversed.

All JUSTICES concur except HAYS, J., who takes no part.