IN RE ESTATE OF GENEVIEVE LORENZ.

No. 48225.

(Reported in 56 N.W.2d 884)

FEBRUARY 10, 1953.

Thomas J. Griffin, of Sioux City, for appellant.

Carl Jones and Audley W. Johnson, both of Sioux City, for appellees.

GARFIELD, J.—Upon the death of his second wife appellant W. F. Lorenz, Jr., was appointed administrator of her estate. The heirs, decedent's daughters and son by a prior marriage, objected to appellant's failure to list properly in the preliminary inheritance tax report certain property owned by decedent. After hearing upon these objections appellant was ordered to file an amended report properly listing certain real estate, diamond rings and any other property of decedent which should be listed. For failure to comply with this order appellant was later removed as administrator, a successor was appointed and appellant was ordered to report his doings and turn over to the successor all assets of the estate.

Appellant filed a final report which lists receipts of $417, expenditures of $854 and asks that fees be allowed him and his attorneys. The heirs and present administrator filed objections to this report on the grounds it fails to account for the assets in appellant's hands, including five diamonds. After evidence was heard on these objections the court found appellant has in his possession five diamond rings and a pair of diamond earrings and ordered him to deliver them to the present administrator within ten days. Other issues were not decided. Appellant's appeal is from this order.

As appellant admits, the trial court's finding has the force and effect of a jury verdict. It is conclusive upon us if supported by substantial evidence. The matter is not reviewable de novo here but only upon the errors assigned. Rule 334, Rules of Civil Procedure; Carlson v. Bankers Trust Co., 242 Iowa 1207, 1214, 50 N.W.2d 1, 6, 7, and citations; In re Estate of Lundvall,

242 Iowa 430, 434, 46 N.W.2d 535, 537; In re Estate of Shivvers, 240 Iowa 93, 100, 34 N.W.2d 632, 635.

It is urged the order appealed from is erroneous because, it is said, there is no competent evidence any such diamonds came into appellant's possession. The finding that appellant has in his possession *five* diamond rings is without evidential support and seems to be the result of inadvertent mistake. There is, however, substantial evidence that three diamond rings and a pair of diamond earrings of decedent came into appellant's possession and he has failed to deliver any of them to the present administrator. The order is modified to include only three diamond rings and a pair of diamond earrings.

It clearly appears appellant delivered to his successor a ring set with three imitation diamonds *of equal size*. It is not argued they are genuine diamonds. There is clear evidence that when decedent died three diamond rings and a pair of diamond earrings were removed from her body and handed to appellant. He admits he received the three rings and that the diamonds in them were of different sizes. He concedes decedent had diamond earrings but says he does not recall what happened to them. He admits his daughter by a previous marriage is wearing diamond earrings but says they are not the ones in question. Decedent's son, however, positively identifies them as his mother's and testifies appellant previously admitted receiving five diamonds at her death.

Appellant argues there is no evidence the three rings handed him did not contain the imitation stones he caused to be placed in the ring delivered to his successor. We think there is such evidence. As we have said, the imitation stones are of equal size but the stones in decedent's rings were of different sizes. Appellant testifies one of the rings cost about $600 at a Sioux City jewelry store and admits he "figured the value of the diamonds at $1000 or $1200."

Of the imitation stones in the ring delivered to his successor appellant says, "I do not know whether they were the same stones as were in the rings on my wife's hands about the time of her death." He also testifies, "The diamonds in my wife's rings were real so far as I know. She had one of the diamonds about twelve or fourteen years and the other two from five to twelve years be-

fore her death." The jeweler appellant employed to place the imitation stones in the ring says they "are a synthetic product we haven't heard about until the last year or so." It was stipulated another jeweler would testify this imitation had been known to the trade about five years.

Further, decedent's son testifies he was very familiar with his mother's diamonds and that the stones in the ring delivered to the present administrator are a different size and color from those diamonds. Other testimony upon this issue need not be mentioned.

It also appears this very issue, as to the diamond rings, was previously tried and determined against appellant upon objections by the heirs to his preliminary inheritance tax report and his resistance to such objections. Appellant was then represented by counsel and evidence was offered in support of his resistance. The court then found deceased at her death owned and possessed a number of diamond rings of the value of at least $1200, not listed as assets of the estate, that should have been so listed. Appellant was ordered to file an amended report in accordance with this finding and others, listing such assets. No appeal was taken from this order. As previously explained, appellant was removed as administrator for noncompliance with it.

That the order just referred to constitutes an adjudication which is conclusive unless impeached for fraud or mistake see In re Estate of Nicholson, 230 Iowa 1191, 1208, 300 N.W. 332, and citations; In re Estate of Tiernan, 232 Iowa 139, 143, 4 N.W. 2d 869, 871; Soppe v. Soppe, 232 Iowa 1293, 1296, 8 N.W.2d 243, 245; In re Estate of Shivvers, supra, 240 Iowa 93, 103, 34 N.W.2d 632, 637.

Appellant also claims error in the court's alleged refusal to decide whether his final report is correct and if incorrect, in what particulars. The final report and objections to it raise issues other than appellant's failure to deliver the diamonds to his successor, which are not determined in the order appealed from. Under the circumstances here we find no error in this respect of which appellant may complain.

The principal controversy between appellant and the objecting heirs, other than that over the diamonds, seems to be whether

decedent at her death owned certain real estate and a stock of merchandise and the business conducted thereon. Decedent held the legal title to the realty and professed to own the business, but appellant as an individual claims an undivided interest in the realty. The nature and extent of the interest he claims in the merchandise and business are not clear. Appellant is heavily involved financially and there is a large judgment against him.

During the hearing on objections to the final report the court announced, in response to a question by appellant's counsel, he was not going to try in this proceeding the issues as to ownership of the realty. This appears to have been agreeable to appellant's counsel. At least he then made no request that such issues be tried or determined. Nor is it clear that ownership of the realty is properly triable in probate if objection were made thereto. The court may have felt ownership of the business and some other issues besides that over the diamonds are, at least in part, dependent upon ownership of the realty.

Appellant admits he made all expenditures as administrator out of funds belonging to the business the heirs claim was owned by decedent. If such funds belonged to decedent obviously the present administrator should not be required to pay appellant in his individual capacity, as he contends, the amount of expenditures made by him in excess of funds he admits he received. (Such excess is $437.)

We understand appellant has abandoned any claim to compensation as administrator. No attempt was made to show what services were rendered by appellant's attorney nor was the court asked to determine what a reasonable attorney fee would be. See section 638.24, Code, 1950. The burden was upon appellant or his attorney to show the services rendered by the attorney and the value thereof. Glynn v. Cascade State Bank, 227 Iowa 932, 937–939, 289 N.W. 722, and citations; In re Estate of Wiggins, 230 Iowa 1087, 1088, 300 N.W. 289; In re Estate of Myers, 238 Iowa 1103, 1107, 29 N.W.2d 426, 428; In re Trust of Larkins, 243 Iowa 322, 327, 51 N.W.2d 396, 398.

We may assume that within a reasonable time the trial court will hear and determine all proper issues, other than the controversy over the diamonds, which have not been heard and determined.

As previously stated the order appealed from is modified to include only three diamond rings and a pair of diamond earrings and as thus modified it is affirmed.—Modified and affirmed.

All JUSTICES concur except LARSON, J., not sitting.